### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| CRYSTAL HOWARD, PAUL GALLOWAY, ROBERT NEWSON and ALVAN YOUNG Individually, and on Behalf of All Others Similarly Situated, ) ) ) ) | FILED COPY: MAY 12, 2008<br>08CV2746          DAJ<br>JUDGE GOTTSCHALL<br>MAGISTRATE JUDGE VALDEZ |

CRYSTAL HOWARD, PAUL GALLOWAY, ROBERT NEWSON and ALVAN YOUNG Individually, and on Behalf of All Others Similarly Situated, )

    Plaintiffs, )

v. )

SECURITAS SECURITY SERVICES, USA INC., )

    Defendant. )

Case No.

PLAINTIFFS' COLLECTIVE ACTION COMPLAINT (JURY TRIAL DEMANDED)

Plaintiffs, CRYSTAL HOWARD, PAUL GALLOWAY, ROBERT NEWSON and ALVIN YOUNG, individually and on behalf of all other similarly situated employees, by and through their counsel, bring their claims as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* (the "FLSA"), against Defendant, its subsidiaries and affiliates, and allege, upon personal belief as to themselves and their own acts, and as for all other matters, upon information and belief, and based upon the investigation made by their counsel, as follows:

### JURISDICTION AND VENUE

1.    This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer ... in any Federal or State court of competent jurisdiction." The representative Plaintiffs have each signed an opt-in consent form to join this lawsuit (Group Exhibit A).

2.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

3.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendant resides in and does business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

4.     CRYSTAL HOWARD is a resident of Illinois and worked as an hourly non-exempt uniformed security guard for Defendant in the state of Illinois, during the applicable statute of limitations period.

5.     PAUL GALLOWAY is a resident of Illinois and worked as an hourly non-exempt uniformed security guard for Defendant in the state of Illinois, during the applicable statute of limitations period.

6.     ROBERT NEWSON is a resident of Illinois and worked as an hourly non-exempt uniformed security guard for Defendant in the state of Illinois, during the applicable statute of limitations period.

7.     ALVIN YOUNG is a resident of Illinois and worked as an hourly non-exempt uniformed security guard for Defendant in the state of Illinois, during the applicable statute of limitations period.

8.     Representative Plaintiffs were employed by Defendant as "employee(s)" as defined by Section 3(d) of the IMWL, 820 ILCS 105/3, and Section 3(e)(I) of the FLSA, 29 U.S.C. §203(e)(1).

9.     Representative Plaintiffs bring this case on behalf of themselves and other similarly situated employees, as defined by 29 U.S.C. §201, sec. 3(e), who currently work, or who worked as an hourly paid non-exempt uniformed security guard at any time

during the three-year period immediately preceding the filing of the original Complaint (hereinafter "Violation Period"), for the Defendant.

10.    Securitas USA, Inc., provides security services to hundreds of businesses throughout the state of Illinois and is an "employer" within the meaning of 29 U.S.C. §203(d) of the FLSA.

## FACTUAL BACKGROUND

11.    Plaintiffs are individuals who were employed by Defendant as uniformed security guards during the statutory period.  Plaintiffs were classified by Defendant as non-exempt under the FLSA and paid an hourly rate.  Plaintiffs all shared similar job titles, training, uniform requirements, compensation plans, job descriptions and job requirements.

12.    Defendant managed Plaintiffs' work, including security guard training, uniform and appearance requirements, amount of hours worked and compensation paid.  The Defendant dictated, controlled and ratified the wage and hour and all related employee compensation policies.

13.    Pursuant to Defendant's common practices, Plaintiffs were required to complete extensive training.  This training was directly related to the Plaintiffs' jobs and was not voluntary.  Defendant failed to record accurately all time spent training and failed to properly compensate Plaintiffs for all training time worked. Specifically, Defendant deprived Plaintiffs of regular wages and overtime compensation for all hours over forty per week spent training.

14.    Pursuant to Defendant's common practices, Plaintiffs often worked past their scheduled shifts and covered missed shifts. Defendant failed to record accurately all time spent working past scheduled shifts and failed to properly compensate Plaintiffs for all

3

hours worked past their scheduled shifts. Specifically, Defendant deprived Plaintiffs of regular wages and overtime compensation for hours over forty per week.

15.     Pursuant to Defendant's security guard dress code and appearance policy, Plaintiffs were required to obtain and wear a Securitas uniform consisting of uniform pants, shirt, boots, jacket, duty belt, badge and other items.  Moreover, Plaintiffs were required to maintain their uniforms in a clean and unwrinkled condition and ensure that their boots or other approved footwear be cleaned and shined at all times.  Plaintiffs worked off the clock each week to comply with Defendant's uniform appearance requirements.  As a result of its dress code policy and the extra time spent by Plaintiffs maintaining their uniforms, Defendant was aware that Plaintiffs often worked more than 40 hours per week.  Nonetheless, Defendant failed to properly pay its uniformed security guards for all hours actually worked, including overtime compensation as required by the FLSA.

16.     Defendant's practices violated the provisions of federal law.  As a result of Defendant's unlawful practice, the Defendant benefited from reduced labor and payroll costs.

17.     Plaintiffs were all subject to Defendant's uniform policies and practices and were victims of Defendant's schemes to deprive them of regular and overtime compensation. As a result of Defendant's improper and willful failure to pay Plaintiffs in accordance with the requirements of the FLSA, Plaintiffs suffered lost wage and other damages.

## FLSA COLLECTIVE ACTION ALLEGATONS

18.     Representative Plaintiffs bring this case as a collective action on behalf of themselves and other similarly situated individuals pursuant to 29 U.S.C. §216(b) to

4

recover unpaid wages, unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and other damages owed.

19.    The proposed collective class of similarly situated persons is defined as:

> "All individuals who were employed by the Defendant, its subsidiaries or affiliated companies, as security guards in Illinois at any time during the relevant statute of limitations."

20.    This action is properly maintained as a collective action because the Representative Plaintiffs are similarly situated to the members of the collective class with respect to job title, job description, training requirements, dress code requirements, job duties, and the wage and hour violations alleged in this Complaint, amongst other things.

21.    Defendant encouraged, suffered and permitted representative Plaintiffs and the collective class to work regular hours without compensation and to work more than forty (40) hours per week without the proper overtime compensation.

22.    Defendant knew that representative Plaintiffs and the collective class performed work that required additional wages and overtime compensation to be paid. Nonetheless, Defendant operated under a scheme, as described above, to deprive representative Plaintiffs and the collective class of wages and overtime compensation.

23.    Defendant's conduct, as alleged herein, was willful and has caused significant damage to representative Plaintiffs and the collective class.

24.    Defendant is liable under the FLSA for failing to properly compensate representative Plaintiffs and the collective class. Plaintiffs request that the Court authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. §216(b), for the

purpose of seeking unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

25.    Plaintiffs estimate that there are approximately several hundred members of the collective class.    The precise number of collective class members can be easily ascertained by using Defendant's payroll and personnel records.  Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in Defendant's offices.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

26.    Plaintiffs incorporate by reference all preceding paragraphs.

27.    Plaintiffs and other hourly non-exempt security guards are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

28.    Section 206 of the FLSA requires employers to pay employees a minimum wage for all hours worked.

29.    Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

30.    Plaintiffs and other hourly non-exempt security guards completed mandatory training but were not properly paid minimum wages or overtime wages for all the time worked training in violation of the FLSA.

31.    Plaintiffs and other hourly non-exempt security guards worked past their scheduled shifts but were not properly paid overtime wages for all hours worked in excess of 40 per week.

32.    Plaintiffs and other hourly non-exempt security guards spent time laundering and maintaining their uniforms each week but were not paid regular wages or overtime wages for such work in violation of the FLSA.

33.    Through its actions, policies and practices, Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiffs and similarly situated individuals for all actual hours worked.

34.    Defendant also willfully failed to pay wages, overtime pay and other benefits to Plaintiffs and others by failing to keep accurate time records to avoid paying them overtime wages and other benefits.

35.    The foregoing actions of Defendant violated the FLSA.

36.    Defendant's actions were willful and not in good faith.

37.    As a direct and proximate cause of Defendant's unlawful conduct, Plaintiffs have suffered and will continue to suffer a loss of income and other damages.

38.    Defendant is liable to Plaintiffs and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. §216(b), as well as reasonable attorneys' fees, costs and expenses.

39.    Plaintiffs are also entitled to injunctive relief to prevent Defendant from continuing its violation of the FLSA and other appropriate class-wide injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs CRYSTAL HOWARD, PAUL GALLOWAY, ROBERT NEWSON and ALVIN YOUNG, individually and on behalf of all others similarly situated, by and through their attorneys demand judgment against the Defendant and in favor of the Plaintiffs and all others similarly situated, for a sum that will properly,

adequately and completely compensate Plaintiffs for the nature, extent and duration of their damages, the costs of this action and as follows:

A.    Order the Defendant to file with this Court and furnish to counsel a list of all names and addresses of all non-exempt hourly security guards employed by Defendant who currently work or have worked for Defendant in the State of Illinois within the last three years;

B.    Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all current and former hourly, non-exempt security guards employed by the Defendant in the State of Illinois during the applicable statutory period, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked regular hours or overtime hours in excess of forty hours in a week during the liability period, but were not paid as required by the FLSA;

C.    Declare and find that the Defendant committed one or more of the following acts:

    i.  Violated overtime provisions of the FLSA by failing to pay overtime wages to Plaintiffs and similarly situated persons who opt-in to this action;

    ii.  Violated minimum wage provisions of the FLSA by failing to pay minimum wages to Plaintiffs and similarly situated persons who opt-in to this action;

    iii.  Willfully violated overtime provisions of the FLSA; and,

    iv.  Willfully violated minimum wage provisions of the FLSA;

D.    Award compensatory damages, including all pay owed, in an amount according to proof;

E.    Award interest on all compensation due accruing from the date such amounts were due;

F.    Award liquidated damages on all compensation due accruing from the date such amounts were due;

G.    Award all costs and reasonable attorney's fees incurred prosecuting this claim;

H.    Grant leave to amend to add claims under applicable state and federal laws;

I.    Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

J.    For such further relief as the Court deems just and equitable.

Dated: _5/12/08_                    Respectfully Submitted,


James B. Zouras
Ryan F. Stephan
Stephan Zouras, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
312-233-1550
312-233-1560 f
lawyers@stephanzouras.com

Marvin A. Miller
Matthew E. VanTine
MILLER LAW LLC
115 S. LaSalle Street
Suite 2910
Chicago, IL  60603
312.332.2400

Thomas M. Ryan
Law Offices of Thomas M. Ryan, P.C.
205 N. Michigan Ave., Suite 2560
Tel: 312-233-1553
Cell: 312-545-9096
Fax: 312-233-1560
tom@tomryanlaw.com

**Attorneys for the Plaintiffs**