IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRYSTAL HOWARD, PAUL GALLOWAY, ROBERT NEWSON and ALVAN YOUNG Individually, and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SECURITAS SECURITY SERVICES, USA INC.,<br><br>Defendant. | Case No. 08 C 2746<br><br>Judge Gottschall<br>Magistrate Judge Valdez<br><br>PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR EXTENSION |

Plaintiffs, CRYSTAL HOWARD, PAUL GALLOWAY, ROBERT NEWSON and ALVIN YOUNG, individually and on behalf of all other similarly situated employees, by and through their counsel, and in response to Defendant's motion for extension, state as follows:

1. On or about June 2, 2009, Plaintiffs' counsel received a telephone call from defense counsel requesting additional time to respond to Plaintiffs' complaint.

2. Plaintiffs' counsel agreed to Defendant's request with the condition that Defendant toll the running statute of limitations for 30 days so that putative Plaintiffs' claims were not jeopardized by Defendant's delay. Defendant refused Plaintiffs' compromise proposal on tolling and instead filed the instant motion.

3. In an action like this one brought pursuant to Section 216(b) of the Fair Labor Standards Act, putative Plaintiffs' claims are not tolled until such Plaintiff files an opt-in consent form with the Court. *Hoffman-LaRoche v. Sperling*, 493 U.S. 165, 169 (1989); *Woods v. New York Life Ins. Corp.*, 686 F.2d 578, 580 (7th Cir. 1982).

4.  In making a determination as to whether to apply equitable tolling, the overarching concern for the Court is fairness to all parties. *See Irwin v. Dep't of Veteran's Affairs*, 498 U.S. 89, 96 (1990); *Baldwin v. County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984); *Partlow v. Jewish Orphans' Home of S. Cal., Inc.*, 645 F.2d 757, 760 (9th Cir. 1981). Plaintiffs need not demonstrate any deception or trickery by the Defendant-employer before invoking equitable tolling. Indeed, equitable tolling is applicable to situations where there is no showing of any defense misconduct. *See, e.g., Young v. U.S.*, 535 U.S. 43, 50 (2002) (recognizing that equitable tolling may be applicable in various types of situations including where there is no employer misconduct).

5.  In the instant matter, fairness dictates a tolling of Plaintiffs' statutes of limitations for 30 days to account for Defendant's delay. Any other outcome would prejudice Plaintiffs' claims by minimizing their recovery period for many and barring claims altogether for others.[1]

WHEREFORE, Plaintiffs, CRYSTAL HOWARD, PAUL GALLOWAY, ROBERT NEWSON and ALVIN YOUNG, individually and on behalf of others similarly situated, move this Court for the entry of an Order Tolling the Statute of Limitations for 30 days.

Dated: June 5, 2008                     Respectfully Submitted,

                                        /s/ James B. Zouras
                                        James B. Zouras

---

[1] Plaintiffs also note that Defendant filed its instant motion without the support of an affidavit and noticed the motion for June 12, 2008 – three days after Defendant's answer is due.

2

Ryan F. Stephan
Stephan Zouras, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
312-233-1550
312-233-1560 f
lawyers@stephanzouras.com

Marvin A. Miller
Matthew E. VanTine
MILLER LAW LLC
115 S. LaSalle Street
Suite 2910
Chicago, IL 60603
312.332.2400

Thomas M. Ryan
Law Offices of Thomas M. Ryan, P.C.
205 N. Michigan Ave., Suite 2560
Tel: 312-233-1553
Cell: 312-545-9096
Fax: 312-233-1560
tom@tomryanlaw.com

**Attorneys for the Plaintiffs**