```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION


CRYSTAL HOWARD, PAUL GALLOWAY    )
ROBERT NEWSON and ALVAN YOUNG    )
                                 )
          Plaintiffs             )    Case No. 08 C 2746
                                 )
     v.                          )    Judge Gottschall
                                 )
SECURITAS SECURITY SERVICES      )    Magistrate Judge Valdez
USA, INC.                        )
                                 )
          Defendant              )
```

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Securitas Security Services USA, Inc., by its attorneys, respectfully submits the following answer and affirmative defenses to the complaint filed by Crystal Howard, Paul Galloway, Robert Newson, and Alvan Young:

*Jurisdiction and Venue*

*Paragraph 1.* This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." The representative Plaintiffs have each signed an opt-in consent form to join this lawsuit (Group Exhibit A).

*Answer.* Defendant admits that this Court has subject-matter jurisdiction because Plaintiffs allege claims under the FLSA, but Defendant denies that it has violated the FLSA or that Plaintiffs are "representative." Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that the "representative Plaintiffs have

each signed an opt-in consent form to join this lawsuit" and therefore denies this allegation.

*Paragraph 2.* This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

*Answer.* Defendant admits that this Court has federal question jurisdiction because Plaintiffs allege claims under the FLSA, but Defendant denies that it has violated the FLSA.

*Paragraph 3.* Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in and does business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

*Answer.* Defendant admits that venue is proper because it does business within this District. Defendant denies the remaining allegations in Paragraph 3.

*Parties*

*Paragraph 4.* CRYSTAL HOWARD is a resident of Illinois and worked as an hourly non-exempt uniformed security guard for Defendant in the state of Illinois, during the applicable statute of limitations period.

*Answer.* Defendant denies Paragraph 4 to the extent it alleges that Howard was employed by Defendant "during the applicable statute of limitations period" because it is a legal conclusion. Defendant lacks knowledge or information sufficient to form a belief as to the location of Howard's current residence

and therefore denies that Howard is a resident of Illinois. Defendant admits the remaining allegations in Paragraph 4.

*Paragraph 5*.  PAUL GALLOWAY is a resident of Illinois and worked as an hourly non-exempt uniformed security guard for Defendant in the state of Illinois, during the applicable statute of limitations period.

*Answer*.  Defendant denies Paragraph 5 to the extent it alleges that Galloway was employed by Defendant "during the applicable statute of limitations period" because it is a legal conclusion.  Defendant lacks knowledge or information sufficient to form a belief as to the location of Galloway's current residence and therefore denies that Galloway is a resident of Illinois. Defendant admits the remaining allegations in Paragraph 5.

*Paragraph 6*.  ROBERT NEWSON is a resident of Illinois and worked as an hourly non-exempt uniformed security guard for Defendant in the state of Illinois, during the applicable statute of limitations period.

*Answer*.  Defendant denies Paragraph 6 to the extent it alleges that Newson was employed by Defendant "during the applicable statute of limitations period" because it is a legal conclusion.  Defendant lacks knowledge or information sufficient to form a belief as to the location of Newson's current residence and therefore denies that Newson is a resident of Illinois. Defendant admits the remaining allegations in Paragraph 6.

*Paragraph 7*.  ALVAN YOUNG is a resident of Illinois and worked as an hourly non-exempt uniformed security guard for De-

fendant in the state of Illinois, during the applicable statute of limitations period.

*Answer.* Defendant denies Paragraph 7 to the extent it alleges that Young was employed by Defendant "during the applicable statute of limitations period" because it is a legal conclusion. Defendant lacks knowledge or information sufficient to form a belief as to the location of Young's current residence and therefore denies that Young is a resident of Illinois. Defendant admits the remaining allegations in Paragraph 7.

*Paragraph 8.* Representative Plaintiffs were employed by Defendant as "employee(s)" as defined by Section 3(d) of the IMWL, 820 ILCS 105/3, and Section 3(e)(I) of the FLSA, 29 U.S.C. § 203(e)(1).

*Answer.* Defendant denies that Plaintiffs are "representative." Defendant admits the remaining allegations in Paragraph 7.

*Paragraph 9.* Representative Plaintiffs bring this case on behalf of themselves and other similarly situated employees, as defined by 29 U.S.C. § 201, sec. 3(e), who currently work, or who worked as an hourly paid non-exempt uniformed security guard at any time during the three-year period immediately preceding the filing of the original Complaint (hereinafter "Violation Period"), for the Defendant.

*Answer.* Defendant admits that Plaintiffs purport to bring this case on behalf of themselves and others as described, but deny that Plaintiffs are "representative" or that it has vio-

4

lated the FLSA during the so-called "Violation Period" or at any other time.  Defendant denies the remaining allegations in Paragraph 9.

*Paragraph 10*.  Securitas USA, Inc., provides security services to hundreds of businesses throughout the state of Illinois and is an "employer" within the meaning of 29 U.S.C. § 203(d) of the FLSA.

*Answer*.  Defendant understands that Plaintiffs are referring to Securitas Security Services USA, Inc. and with that understanding admits the allegations in Paragraph 10.

*Factual Background*

*Paragraph 11*.  Plaintiffs are individuals who were employed by Defendant as uniformed security guards during the statutory period.  Plaintiffs were classified by Defendant as non-exempt under the FLSA and paid an hourly rate.  Plaintiffs all shared similar job titles, training, uniform requirements, compensation plans, job descriptions and job requirements.

*Answer*.  Defendant admits the allegations in Paragraph 11 as to Howard, Galloway, Newson, and Young but states that "statutory period" is a legal conclusion disputed by Plaintiffs and Defendant.  Answering further, Defendant states that Plaintiffs were employed as a specific type of security guard -- K-9 security guard -- which entailed training, job descriptions, job requirements, and compensation that were different from the training, job descriptions, job requirements, and compensation of other security guard positions.  Answering further, Defendant

5

terminated all four named Plaintiffs for cause. Defendant denies the remaining allegations in Paragraph 11.

*Paragraph 12*. Defendant managed Plaintiffs' work, including security guard training, uniform and appearance requirements, amount of hours worked and compensation paid. The Defendant dictated, controlled and ratified the wage and hour and all related employee compensation policies.

*Answer*. Defendant denies that it "managed" Plaintiffs' security guard training or that such training was an aspect of Plaintiffs' "work." Defendant admits that it "managed" Plaintiffs work once they began their employment. Plaintiffs' allegation that Defendant "dictated, controlled and ratified the wage and hour and all related employee compensation policies" is vague and ambiguous and Defendant therefore denies this allegation. Answering further, Defendant states that K-9 security guards such as Plaintiffs are members of a union and that the terms and conditions of such employees' employment with Defendant, including wages and hours and other employee compensation issues, are governed by a collective bargaining agreement.

*Paragraph 13*. Pursuant to Defendant's common practices, Plaintiffs were required to complete extensive training. This training was directly related to the Plaintiffs' jobs and was not voluntary. Defendant failed to record accurately all time spent training and failed to properly compensate Plaintiffs for all training time worked. Specifically, Defendant deprived

6

Plaintiffs of regular wages and overtime compensation for all hours over forty per week spent training.

*Answer*.  Defendant admits that Plaintiffs completed certain training prior to their first day of employment and that this training was directly related to their subsequent duties as K-9 security guards.  Defendant denies the remaining allegations in Paragraph 13 because the FLSA does not require such training to be compensated.

*Paragraph 14*.  Pursuant to Defendant's common practices, Plaintiffs often worked past their scheduled shifts and covered missed shifts.  Defendant failed to record accurately all time spent working past scheduled shifts and failed to properly compensate Plaintiffs for all hours worked past their scheduled shifts.  Specifically, Defendant deprived Plaintiffs of regular wages and overtime compensation for hours over forty per week.

*Answer*.  Defendant admits that Plaintiffs occasionally worked past their scheduled shifts and or were asked to cover shifts missed by other employees.  Defendant denies the remaining allegations in Paragraph 14.

*Paragraph 15*.  Pursuant to Defendant's security guard dress code and appearance policy, Plaintiffs were required to obtain and wear a Securitas uniform consisting of uniform pants, shirt, boots, jacket, duty belt, badge and other items.  Moreover, Plaintiffs were required to maintain their uniforms in a clean and unwrinkled condition and ensure that their boots or other approved footwear be cleaned and shined at all times.

Plaintiffs worked off the clock each week to comply with Defendant's uniform appearance requirements. As a result of its dress code policy and the extra time spent by Plaintiffs maintaining their uniforms, Defendant was aware that Plaintiffs often worked more than 40 hours per week. Nonetheless, Defendant failed to properly pay its uniformed security guards for all hours actually worked, including overtime compensation as required by the FLSA.

*Answer*. Defendant admits that, during the relevant period, it provided Plaintiffs with three to five wash-and-wear uniforms following the completion of training and that it requires security officers, including K-9 security guards such Plaintiffs, to maintain their uniforms in a presentable manner. Defendant denies the remaining allegations in Paragraph 15 because any time spent "off the clock" maintaining their uniforms was de minimis and not compensable under the FLSA.

*Paragraph 16*. Defendant's practices violated the provisions of federal law. As a result of Defendant's unlawful practice, the Defendant benefited from reduced labor and payroll costs.

*Answer*. Defendant denies the allegations in Paragraph 16.

*Paragraph 17*. Plaintiffs were all subject to Defendant's uniform policies and practices and were victims of Defendant's schemes to deprive them of regular and overtime compensation. As a result of Defendant's improper and willful failure to pay

8

Plaintiffs in accordance with the requirements of the FLSA, Plaintiffs suffered lost wage and other damages.

*Answer*.  Defendant denies the allegations in Paragraph 17.

*FLSA Collective Action Allegations*

*Paragraph 18*.  Representative Plaintiffs bring this case as a collective action on behalf of themselves and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid wages, unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and other damages owed.

*Answer*.  Defendant admits that Plaintiffs purport to bring this case on behalf of themselves and others as described but deny each and every remaining allegation in Paragraph 18.

*Paragraph 19*.  The proposed collective class of similarly situated persons is defined as:

> "All individuals who were employed by the Defendant, its subsidiaries or affiliated companies, as security guards in Illinois at any time during the relevant statute of limitations."

*Answer*.  Defendant admits that Plaintiffs purport to represent a putative class of allegedly similarly-situated persons as described but deny that it has violated FLSA during the relevant statute of limitations, that Plaintiffs are "representative" or "similarly situated," or that such a collective action is appropriate or justified.  Defendant denies the remaining allegations in Paragraph 19.

*Paragraph 20*.  This action is properly maintained as a collective action because the Representative Plaintiffs are similarly situated to the members of the collective class with respect to job title, job description, training requirements, dress code requirements, job duties, and the wage and hour violations alleged in this Complaint, amongst other things.

*Answer*.  Defendant denies the allegations in Paragraph 20. Answering further, Defendants state that Plaintiffs were employees as a specific type of security guard -- K-9 security guard -- which entailed training, job descriptions, job requirements, and compensation that were different from the training, job descriptions, job requirements, and compensation of other security guard positions.

*Paragraph 21*.  Defendant encouraged, suffered and permitted representative Plaintiffs and the collective class to work regular hours without compensation and to work more than forty (40) hours per week without the proper overtime compensation.

*Answer*.  Defendant denies the allegations in Paragraph 21.

*Paragraph 22*.  Defendant knew that representative Plaintiffs and the collective class performed work that required additional wages and overtime compensation to be paid.  Nonetheless, Defendant operated under a scheme, as described above, to deprive representative Plaintiffs and the collective class of wages and overtime compensation.

*Answer*.  Defendant denies the allegations in Paragraph 22.

*Paragraph 23.*  Defendant's conduct, as alleged herein, was willful and has caused significant damage to representative Plaintiffs and the collective class.

*Answer.*  Defendant denies the allegations in Paragraph 23.

*Paragraph 24.*  Defendant is liable under the FLSA for failing to properly compensate representative Plaintiffs and the collective class.  Plaintiffs request that the Court authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

*Answer.*  Defendant denies the allegations in Paragraph 24. Answering further, Defendant denies that there is any sufficient basis for the Court the "authorize notice" to members of a putative collective class.

*Paragraph 25.*  Plaintiffs estimate that there are approximately several hundred members of the collective class.  The precise number of collective class members can be easily ascertained by using Defendant's payroll and personnel records. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in Defendant's offices.

*Answer.*  Defendant denies the allegations in Paragraph 24.

11

COUNT I

VIOLATION OF THE FAIR LABOR STANDARDS ACT

*Paragraph 26*.  Plaintiffs incorporate by reference all preceding paragraphs.

*Answer*.  Defendant incorporates by reference its answers to the preceding paragraphs as if fully set forth.

*Paragraph 27*.  Plaintiffs and other hourly non-exempt security guards are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

*Answer*.  Defendant denies the allegations in Paragraph 27.

*Paragraph 28*.  Section 206 of the FLSA requires employers to pay employees a minimum wage for all hours worked.

*Answer*.  Defendant denies Paragraph 28 because it alleges a legal conclusion.

*Paragraph 29*.  Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

*Answer*.  Defendant denies Paragraph 29 because it alleges a legal conclusion.

*Paragraph 30*.  Plaintiffs and other hourly non-exempt security guards completed mandatory training but were not properly paid minimum wages or overtime wages for all the time worked training in violation of the FLSA.

*Answer*.  Defendant denies the allegations in Paragraph 30.

*Paragraph 31*.  Plaintiffs and other hourly non-exempt security guards worked past their scheduled shifts but were not properly paid overtime wages for all hours worked in excess of 40 per week.

*Answer*.  Defendant denies the allegations in Paragraph 31.

*Paragraph 32*.  Plaintiffs and other hourly non-exempt security guards spent time laundering and maintaining their uniforms each week but were not paid regular wages or overtime wages for such work in violation of the FLSA.

*Answer*.  Defendant denies the allegations in Paragraph 32.

*Paragraph 33*.  Through its actions, policies and practices, Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiffs and similarly situated individuals for all actual hours worked.

*Answer*.  Defendant denies the allegations in Paragraph 33.

*Paragraph 34*.  Defendant also willfully failed to pay wages, overtime pay and other benefits to Plaintiffs and others by failing to keep accurate time records to avoid paying them overtime wages and other benefits.

*Answer*.  Defendant denies the allegations in Paragraph 34.

*Paragraph 35*.  The foregoing actions of Defendant violated the FLSA.

*Answer*.  Defendant denies the allegations in Paragraph 35.

*Paragraph 36*.  Defendant's actions were willful and not in good faith.

*Answer*.  Defendant denies the allegations in Paragraph 36.

*Paragraph 37*.  As a direct and proximate cause of Defendant's unlawful conduct, Plaintiffs have suffered and will continue to suffer a loss of income and other damages.

*Answer*.  Defendant denies the allegations in Paragraph 37.

*Paragraph 38*.  Defendant is liable to Plaintiffs and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

*Answer*.  Defendant denies the allegations in Paragraph 38.

*Paragraph 39*.  Plaintiffs are also entitled to injunctive relief to prevent Defendant from continuing its violation of the FLSA and other appropriate class-wide injunctive relief.

*Answer*.  Defendant denies the allegations in Paragraph 39.

## AFFIRMATIVE DEFENSES

1. To the extent Plaintiffs' claims are based on events that occurred more than three years prior to the filing of their consents to sue, they are barred by any statute of limitations for the FLSA.

2. To the extent that certain of Plaintiffs' claims -- those set forth in Paragraphs 30 and 32 -- are based on events that occurred more than two years prior to the filing of their consents to sue, they are barred by the two-year statute of limitations for the FLSA in certain circumstances.

    3. The time Plaintiffs spent in training prior to their employment with Securitas is not compensable under the FLSA.

    4. The time Plaintiffs spent maintaining their uniforms while employed by Securitas is de minimis and not compensable under the FLSA.

    5. Plaintiffs are not entitled to liquidated damages.

Dated:  July 8, 2008                        Respectfully submitted,

                                              SECURITAS SECURITY SERVICES USA, INC.

                                        By:  s/David M. Novak
                                              One of Its Attorneys

David M. Novak  
John T. Roache  
Melissa A. Siebert  
Edward M. Graham  
BELL, BOYD & LLOYD LLP  
Three First National Plaza  
70 W. Madison, Suite 3100  
Chicago, Illinois  60602  
(312) 372-1121

CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the above and foregoing Answer to Complaint and Affirmative Defenses was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing, on this 8th day of July 2008, to the following:

>James B. Zouras
>Ryan F Stephan
>Stephan Zouras, LLP
>205 N. Michigan, Suite 2560
>Chicago, Illinois  60601
>
>Marvin A. Miller
>Matthew E. Van Tine
>Miller Law LLC
>115 S. LaSalle, Suite 2910
>Chicago, Illinois  60603
>
>Thomas M. Ryan
>Law Offices of Thomas M. Ryan, P.C.
>205 N. Michigan, Suite 2560
>Chicago, Illinois  60601

s/David M. Novak<br>
David M. Novak