UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CRYSTAL HOWARD, PAUL GALLOWAY, ROBERT NEWSON and ALVAN YOUNG | ) ) ) | |
| Plaintiffs | ) ) | Case No. 08 C 2746 |
| v. | ) ) | Judge Gottschall |
| SECURITAS SECURITY SERVICES USA, INC. | ) ) ) ) | Magistrate Judge Valdez |
| Defendant | ) | |

DEFENDANT SECURITAS SECURITY SERVICES USA, INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant Securitas Security Services USA, Inc. (hereinafter "Securitas" or "Securitas K-9"), by its attorneys, Bell, Boyd & Lloyd, moves for partial summary judgment on the training pay and shift-holdover overtime pay claims contained in Plaintiffs' Collective Action Complaint alleging violations of the Fair Labor Standards Act ("FLSA"). Plaintiffs, a group of former Securitas K-9 canine security guards who each were terminated for cause, are now seeking compensation for pre-employment training, wash-and-wear uniform maintenance, and alleged unpaid overtime due to shift hold-overs.[1] For the reasons set forth herein and in the accompanying Memorandum, Plaintiffs' training pay and shift-holdover overtime pay claims are inadequate as a matter of law, and partial summary judgment for Securitas is appropriate:

---

[1] This motion for partial summary judgment does not address the uniform maintenance pay claims contained in Plaintiffs' Complaint. Defendant has filed its Answer which denies these allegations. On June 24, 2008, Plaintiffs filed their Motion to Conditionally Certify Class and Issue Notice, which purports to allege additional FLSA claims for uncompensated pre-shift work. These allegations -- which Securitas denies -- are not contained in the Complaint, and thus are not addressed in the present partial summary judgment motion.

1.	The Court should grant summary judgment on the training pay claims set forth in Count I of Plaintiffs' Complaint, which allege that Plaintiffs completed mandatory training for which they were not paid minimum or overtime wages, because the training provided to Plaintiffs meets the criteria for noncompensable pre-employment training set forth in long-standing Supreme Court precedent and Department of Labor opinions. *Walling v. Portland Terminal Co.*, 330 U.S. 148 (1947); *Op., Administrator, Dep't of Labor*, FLSA 2004-16 (Oct. 19, 2004).

2.	The Court should grant summary judgment on the training pay claims alleged by Plaintiffs Crystal Howard and Alvan Young on the additional ground that the pre-employment training of which they complain occurred in 2003 and December 2004-January 2005, respectively, and is therefore outside of either FLSA statute of limitations. 29 U.S.C. Sec. 255(a).

3.	The Court should grant summary judgment on the overtime wage claims set forth in Count I of Plaintiffs' Complaint, which allege that Plaintiffs were not paid overtime wages for working past their scheduled shifts, and that Securitas failed to keep accurate time records. Given that Securitas has produced detailed records showing that Plaintiffs worked and were paid for straight time and overtime hours throughout the time period covered by this lawsuit, Plaintiffs' blanket statements alleging that Plaintiffs were not paid, or that Securitas' time records are inaccurate, are not sufficient to withstand summary judgment. *Bjornson v. Daido Metal U.S.A., Inc.*, 12 F.Supp.2d 837, 840 (N.D. Ill. 1998); *Turner v. The Saloon, Ltd.*, 491 F.Supp.2d 767, 770 (N.D. Ill. 2007).[2]

---

[2] Securitas concedes that, on one occasion during the maximum 3-year period allegedly covered by this lawsuit, it made an innocent administrative error and mistakenly paid straight time for 8 hours worked by Plaintiff Crystal Howard when it should have paid overtime for those 8 hours. Defendant is willing to pay Ms. Howard 8 hours at her then-applicable half-time rate to correct this discrepancy. Securitas' Statement of Facts, Pars. 62-63.

WHEREFORE, Defendant Securitas Security Services USA, Inc. respectfully asks this Court to enter an order granting partial summary judgment with prejudice in its favor and against Plaintiffs as to the training pay and shift-holdover overtime pay claims contained in Plaintiffs' Collective Action Complaint, and granting it such other relief as the Court deems appropriate.

Dated:  July 9, 2008                                   Respectfully submitted,

                                                       SECURITAS SECURITY SERVICES USA, INC.


                                                By:    s/David M. Novak
                                                           One of Its Attorneys


David M. Novak
John T. Roache
Melissa A. Siebert
Edward M. Graham
BELL, BOYD & LLOYD LLP
Three First National Plaza
70 W. Madison, Suite 3100
Chicago, Illinois  60602
(312) 372-1121

3

CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the above and foregoing Defendant Securitas Security Services USA, Inc.'s Motion for Partial Summary Judgment was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing, on this 9th day of July 2008, to the following:

>James B. Zouras
>Ryan F Stephan
>Stephan Zouras, LLP
>205 N. Michigan, Suite 2560
>Chicago, Illinois  60601
>
>Marvin A. Miller
>Matthew E. Van Tine
>Miller Law LLC
>115 S. LaSalle, Suite 2910
>Chicago, Illinois  60603
>
>Thomas M. Ryan
>Law Offices of Thomas M. Ryan, P.C.
>205 N. Michigan, Suite 2560
>Chicago, Illinois  60601

                                                                           s/David M. Novak
                                                                             David M. Novak