**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CRYSTAL HOWARD, PAUL GALLOWAY, ROBERT NEWSON and ALVAN YOUNG Individually, and on Behalf of All Others Similarly Situated, | ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| SECURITAS SECURITY SERVICES, USA INC., | ) ) ) |
| Defendant. | ) |

Case No. 08 C 2746

Judge Gottschall

Magistrate Judge Valdez

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR
MOTION TO CONDITIONALLY CERTIFY THE CLASS AND ISSUE NOTICE**

Plaintiffs, Crystal Howard, Paul Galloway, Robert Newson, and Alvin Young, individually and on behalf of all other similarly situated employees, submit this Reply in Support of Their Motion to Certify the Class and Issue Notice.

## INTRODUCTION

This action arose following Defendant's companywide failure to pay Plaintiffs and other security guards for compensable time worked while training, performing work before and after their scheduled shifts and maintaining their uniforms. On June 23, 2008, Plaintiffs filed a Motion to Conditionally Certify the Class and Issue Notice. On July 9, 2008, before engaging in any discovery, Defendant filed a motion for partial summary judgment wherein it argued that some of the tasks for which Plaintiffs were not paid are not compensable time under the FLSA as a matter of law.

Defendant's motion for partial summary judgment provides no basis to postpone or prohibit notice to the class members. The delay would cause irreparable injury to the many class

members who would lose their claims to the statute of limitations because they were unaware of this suit and their right to opt-in. At the same time, Defendant's partial summary judgment motion, even if it were successful, would not completely bar all of the claims being asserted on behalf of any class member in this suit. Moreover, since Defendant applied the policies being challenged here to all of its security guards in the State of Illinois, the Defendant's argument that this Court should only permit notice to a limited sub-group of class members lacks any merit and should be rejected. Finally, Defendant's *ad hominem* attack on one of the three lawfirms representing Plaintiffs has no legal or factual relevance to this suit, and should be ignored.

Through the use of declarations, Defendant's own policies and other documents, the Plaintiffs have demonstrated that all of Defendant's security guards located in the State of Illinois are similarly situated and subject to Defendant's common scheme to deprive them of overtime wages earned.[1] As a result, this Court should grant Plaintiffs' motion to certify the class and direct that notice be disseminated to the Class.

## ARGUMENT

### A.    Defendant Cannot Defeat or Delay Issuance of Notice by Moving for Partial Summary Judgment

The Defendant's motion for partial summary judgment provides no basis to deny notice of this suit to the many class members who are at danger of losing their right to relief through the passing of the statute of limitations. Unlike Rule 23 class actions, the statute of limitations on each individual class member's FLSA claim is only tolled when he or she affirmatively opts in to

---

[1] Even based upon the limited record, it is clear this common scheme encompasses Defendant's failures to pay for training time, pre-shift time worked, post shift time worked and time spent maintaining, pressing and shining Defendant's uniforms. This common scheme is not meant to be exclusive and if one or more security guards were deprived of overtime wages for only one of the listed tasks, they are similarly situated. For example, even if a security guard was paid for training time but was not paid for maintaining her uniform, that security guard is similarly situated because she worked unpaid overtime off the clock.

the suit.  *Grayson v. K-Mart Corp.,* 79 F.3d 1086, 1106 (11th Cir. 1996).  Defendant's argument

that class notice should be stayed pending resolution of its partial summary judgment motion is a

cynical attempt to limit the size of the class in this suit by causing the claims of many class

members to become time barred

On a motion for 216(b) class certification, the court does not make even preliminary

inquiry into the merits.  *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974); *Lynch v.

United Services Auto Ass'n,* 491 F.Supp.2d 357, 367-68 (S.D.N.Y. 2007); *Hoffman v. Sbarro,

Inc.,* 982 F. Supp. 249, 262 (S.D.N.Y. 1997).  At this preliminary stage, before any discovery has

taken place, the only issue is whether "a modest factual showing" indicates Plaintiffs and other

putative plaintiffs were potentially victims of a common policy or plan that violated the FLSA.

*Gambo v. Lucent Technologies, Inc.*, 2005 WL 3542485, at *4 (N.D. Ill. Dec. 22, 2005); *Persin

v. Careerbuilder*, LLC, 2005 WL 3159684, *4 (N.D. Ill. Nov. 23, 2005).  The "modest factual

showing" requirement is not a stringent standard; a plaintiff need only demonstrate a factual

nexus that binds potential members of a collective action together.  *Garza v. Chicago Trans.

Auth.*, 2001 WL 503036, *2 (N.D. Ill. May 8, 2001).  As reaffirmed by Judge Castillo just a few

days ago, the only question is whether Plaintiffs can make a "minimal showing" that others in

the potential class are similarly situated using a "lenient interpretation" of the term "similarly

situated."  *Jirak v. Abbott Laboratories, Inc.*, 2008 WL 2812553, at *2 (N.D. Ill. July 22, 2008).

The Defendant has moved only for *partial* summary judgment on *some* of Plaintiffs'

claims.  Specifically, Defendant did not and cannot challenge Plaintiffs' claims that they are

entitled to payment for the off-the-clock time spent complying with Defendant's strict uniform

maintenance requirements.[2]    (Response at 4; Memorandum of Law in Support of Partial Summary Judgment Motion at 2-10).  Because Plaintiffs' claims for unpaid time related to uniform maintenance will proceed as to all class members no matter how the Court rules on Defendant's motion for partial summary judgment, there is no basis to delay notice.

Delaying notice until this Court adjudicates Defendant's motion would severely prejudice the rights of thousands of putative plaintiffs.  The statute of limitations continues to run for all class members until they affirmatively "opt-in" to this action.  *Grayson,* 79 F.3d at 1106.  The parties have not engaged in any discovery.  To properly respond to Defendant's motion, Plaintiffs will require extensive discovery including taking the depositions of Defendant's employees, including the deposition of David Reese who signed a 17-page supporting affidavit.  Given the amount of time necessary to respond and fully brief the motion, it could be several months before this Court can issue a ruling.[3]  Absent notice, with each passing day the claims of thousands of putative opt-ins will be diminished or extinguished outright because of the running statute of limitations.  Ensuring these employees receive timely notice of their rights is one of the reasons the Supreme Court encourages early involvement by the district court in FLSA actions.  *Hoffman-LaRoche, Inc. v. Sperling,* 493 U.S. 165, 169 (1989); *Woods v. New York Life Ins. Corp.,* 686 F.2d 578, 580 (7th Cir. 1982); *Bennett v. Soo Line R.R. Co.*, 1990 WL 19487 (N.D. Ill. Feb. 21, 1990).  Allowing a defendant to delay or defeat notice simply by filing a dispositive motion would defeat the purpose of issuing notice.

The only decision Defendant cites in support of its position, *Lance v. The Scotts Company*, 2005 WL 1785315 (N.D. Ill. July 21, 2005) (Keys, Magistrate Judge), did not hold

---

[2] Plaintiffs further believe that after conducting some discovery, they will be in a position to move for summary judgment on certain claims, including claims for unpaid time maintaining, pressing and shining Securitas uniforms.

[3] The parties just recently filed an agreed motion seeking to extend the briefing schedule on Defendant's motion for summary judgment so that Plaintiffs could conduct some initial discovery.

4

that the filing of partial summary judgment motion can defeat or delay the issuance of notice in an FLSA action.  Rather, *Lance* involved a unique procedural situation where the defendant filed its motion for summary judgment as to all the claims in the case on the same day the plaintiff filed his motion to certify the FLSA collective action and the court took both motions under advisement.  Id. at *2.  The court subsequently ruled on both motions in a single opinion, which granted the defendant's motion, dismissing the entire suit, and accordingly ruled that plaintiff's motion to certify was moot.  Id. at *8-9.   The court's ruling was the result of the procedural posture of the case, not any broad principle that rulings on motions to certify must await the court's determination of whether summary judgment is appropriate.

Indeed, a rule which allows a defendant to delay the issuance of notice based upon the mere *possibility* that the Court may later grant it summary judgment would severely prejudice Plaintiffs.  Even if the Court ultimately denies Defendant's motion, the claims of thousands of employees would indisputably be diminished and lost forever.  This is especially true where, as here, the Defendant is not challenging many of Plaintiffs' claims.[4]  On the other hand, granting Plaintiffs' motion before making a determination of Defendant's summary judgment motion does not prejudice Defendant in any way.  If Defendant is correct that named Plaintiffs cannot pursue some or all of their claims, the legal effect will be the same regardless of how the Court rules on Plaintiffs' motion.

---

[4] Notably, Defendant's motion for partial summary judgment does not address the issue of unpaid time spent maintaining, pressing and shining Defendant's uniforms.  Pursuant to Defendant's own policy all of Defendant's security guards must maintain their military style uniforms in an unwrinkled condition and make sure their shoes and other equipment are shined (See Defendant's Appearance Policy attached to Plaintiffs' Motion at Exhibits 6 & 7).  Moreover, in its statement of facts, Defendant admits that its time records for Plaintiff Crystal Howard were inaccurate and that she is owed eight hours of overtime pay (See Defendant's Statement of Facts at paragraphs 62 & 63).  It likewise admits that its time records for Plaintiff Robert Newson are inaccurate.  (See Defendant's Statement of Facts at paragraph 41).

**B.      Plaintiffs Have Demonstrated Sufficient Facts to
Meet the Modest Factual Showing Required to
Issue Notice to All Defendant's Illinois Security Guards**

In addition to the detailed allegations of their Complaint, Plaintiffs have submitted the declarations of the four named Plaintiffs along with Defendant's own policies and additional documents demonstrating a "modest factual showing" that they and other employees were similarly situated and victims of a common plan or policy that may have violated the FLSA. Specifically, these materials demonstrate Defendant's common practice of requiring Plaintiffs and other security guards to work unpaid time off-the-clock attending training courses, preparing for work before their shifts at the employer's place of business, and spending at least an additional hour per week maintaining their uniforms pursuant to Securitas uniform policies and requirements. (See Complaint at ¶¶13-15 & 30-34 and Motion at Exhibits 2-5).  Defendant furthered its unlawful scheme by failing to record accurately the actual time worked by its security guards as required by the FLSA, *e.g.*, 29 C.F.R. § 516.2(a)(7)-(9).  (See Complaint at ¶¶14 & 34).

Nevertheless, Defendant suggests that these materials do not support the "modest showing" standard with respect to any employees outside the Defendant's K-9 facility.  The applicable law does not support such a dramatic limitation on the persons entitled to notice under the undisputed facts of this case.  Notably, in suggesting that notice should be constrained to employees at a single location, the Defendant ignores relevant precedent from this district. (Response at 4-10).  *E.g., Jirak*, 2008 WL 2812553, at *3; *Boyd v. Jupiter Aluminum Corp.*, 2006 WL 1518987 (N.D. Ill. May 31, 2006).

Defendant contends that Plaintiffs must show other employees performed the identical duties and held the same job titles as Plaintiffs.  Defendant is wrong.  "Plaintiffs do not have to

show that the potential class members have *identical* positions for conditional certification to be granted; plaintiffs can be similarly situated for purposes of the FLSA even though there are distinctions in their job titles, functions or pay." *Jirak*, 2008 WL 2812553, at *3 (emphasis in original) (citations omitted); *Boyd*, 2006 WL 1518987 (granting conditional certification and notice for various positions even though the three named plaintiffs only held two positions); *Perry v. Nat'l City Mtg., Inc.*, 2007 WL 1810472, *3-4 (S.D. Ill. Jun. 21, 2007) (conditionally certifying class of 5,500 employees despite defendant's evidence that employees had different job classifications because they all had the same "overall mission.").

Defendant also argues that notice should be limited because it claims its policies are "communicated and applied" at a local level. (Response at 9). Judge Filip has rejected this argument as well:

> Nothing in the case law … suggests that the common policy must stem from a top-down decision of central management. If individual business units adopt similarly unlawful policies and operate in *materially similar* ways as to *materially similar workers*, then a "common policy or plan" would appear to exist."

*Gambo v. Lucent Technologies, Inc.*, 2005 WL 3542485, at *5 (N.D. Ill. Dec. 22, 2005) (emphasis added).

Moreover, Plaintiffs' evidence concerning off-the-clock work for training and uniform maintenance demonstrates that Defendant's unlawful policies reach far beyond a single location. In fact, the Defendant admits its policy on uniform and appearance policy applies to all its guards regardless of the specific location where they are assigned:

> Securitas has a Uniform and Appearance Policy. The Policy is included in Securitas' Security Officer Handbook, which is disseminated by each local Branch. Generally, the goal of the Policy is to have security guards look professional and presentable, as expected by our clients and the public.

Response at Exhibit A, ¶12.  In other words, Defendant recognizes the unsurprising fact that its uniform maintenance and attendance policies apply with equal force throughout the company. This means that all Securitas security guards, regardless of whether they are in the K-9 unit or another unit, are required to maintain and press their uniforms in an unwrinkled condition and ensure that all leather goods including their shoes or boots, cap visor, belt and holster are shined at all times.  These policies, as cited by Plaintiffs in support of their motion, are not limited to a single location, but rather apply to all security guards regardless of location. (Motion at Exhibits 6 & 7)  Individualized "interpretations" of the uniform policy, even if they exist, are immaterial for purposes of notice.  Defendant also does not and cannot dispute that its timekeeping methods, *i.e.*, the use of TOCO wands and security badges, which Defendants admit resulted in inaccurate time records, are applied to all its security guards across Illinois. (See Defendant's Statement of Facts at paragraphs 41, 62 & 63).Motion at Exhibits 2-5)  Thus, the overall mission of Defendants' guards – maintaining security while presenting a specifically designed and intended uniformed presence – is similar regardless of job duty, assignment or location.  Any distinctions are immaterial because it is uncontroverted that Defendant's security guards all performed the same or similar job duties including conducting inspections, performing surveillance, patrolling job locations and preparing incident reports.  (Motion at Exhibits 2-5).

Consistent with the above authorities, notice must be broad enough to reach all affected employees, and it must be prompt.  Any delay to the issuance of notice will likely mean the loss of wags to individuals who have *earned* those wages.  Defendant's arguments about certain differences are more appropriately addressed at stage two of the certification process.  *Jirak*, 2008 WL 2812553, at *4 ("Defendant's argument about dissimilarities in the class is more appropriately decided at step two, after it is known who the class will consist of, and after some

of the factual issues can be fleshed out in discovery."; *Gambo*, 2005 WL 3542485, at \*6. Moreover, sending notice to all possibly affected employees serves the remedial purposes of the FLSA. *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 312 U.S. 590, 597 (1944) ("[T]hese provisions, like the other portions of the Fair Labor Standards Act, are remedial and humanitarian in purpose. \*\*\* Such a statute must not be interpreted or applied in a narrow, grudging manner." Id.

**C.    Unrelated Business Disputes Involving One of Plaintiffs'
Three Lawfirms Do Not Provide a Basis to Deny Notice**

Defendant's *ad hominem* attack on one of three lawfirms representing Plaintiffs has no legal or factual bearing on whether this Court should give notice to class members in this case so that those class members can preserve their rights, nor should it impact the wording of that notice. Because the provisions of Fed. R. Civ. P. 23 do not apply to FLSA collective actions such as this one, and because plaintiffs must affirmatively choose their counsel, adequacy of representation is not an issue here. *E.g., Garza v. Chicago Trans. Auth.*, 2001 WL 503036, \*2 (N.D. Ill. May 8, 2001); *Davis v. Lenox Hill Hosp.*, 2004 WL 1926086, at \*7 (S.D.N.Y. Aug. 31, 2004) ("The requirements of Rule 23 do not apply to FLSA actions and no showing of numerosity, commonality, typicality and adequacy of representation need be made.").[5]

Even if Plaintiffs were required to show adequacy of counsel on this motion, the dispute cited by Defendant would be irrelevant. The suit in question is a fee dispute involving only one of the three firms representing Plaintiffs here, Stephan Zouras LLP. That suit claims that the principals of Stephan Zouras LLP owe fees to their former employer, and the principals of Stephan Zouras LLP have counterclaimed for fees due them. None of these claims relate to this

---

[5] The language Defendant relies upon in *Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 682 (D. Kan. 2004), is *dicta* as to the question of adequacy of counsel.

9

suit, or the competence of Stephan Zouras LLP to aggressively and skillfully represent the Plaintiffs' interests here.

Three lawfirms represent Plaintiffs in this suit. Business disputes unrelated to the case at hand involving only one of the three firms are neither a basis to deny notice, nor do such allegations have a place in the notice itself. Further, none of the other objections to the form of the notice raised by Defendant have any merit. As the Court can plainly observe, the form of Plaintiffs' proposed notice, attached to their motion as Exhibit 8, contains substantially similar language as notices approved by other judges in this District. *See, e.g., Santos Umana v. Ultimate Spray-N-Wash,* Case No. 07 C 0801, Order approving notice filed August 6, 2007 (Docket No. 21) (Lefkow, J.) (language of approved notice attached hereto as Exhibit A); *Ambriz v. New Premier Metal Recycling, Inc.,* Case No. 07 C 2984, Order approving notice filed September 12, 2007 (Docket No. 18) (Castillo, J.) (language of approved notice attached hereto as Exhibit B); *Ortiz v. Fields Imports Inc.,* Case No. 06 C 5457, Order approving notice filed February 6, 2007 (Docket No. 34) (Darrah, J.) (language of approved notice attached hereto as Exhibit C).

There is simply no basis to challenge the propriety of sending notice or the notice itself as set forth in Plaintiffs' motion.

## <u>CONCLUSION</u>

For all the reasons stated above, Plaintiffs request that this Court grant their Motion and:

a.    Designate this case as a Section 216(b) collective action;

b.    Require Securitas to produce a computer-readable data file containing the names, addresses and telephone numbers of such potential opt-in members so that notice may be implemented; and,

c.    authorize notice be sent by U.S. first class mail and by posting notice in all Securitas' branches in Illinois, to all of the putative class members at any time since May 12, 2005, and who have not already had their federal claim

for unpaid overtime wages previously adjudicated, to inform them of their right to opt-in to this lawsuit.


Dated: July 31, 2008                    Respectfully submitted,

                                        Plaintiffs,

                                        By:  _/s/  Matthew E. Van Tine_____
                                        Marvin A. Miller
                                        Matthew E. Van Tine
                                        MILLER LAW LLC
                                        115 S. LaSalle Street
                                        Suite 2910
                                        Chicago, IL  60603
                                        312-332-2400

                                        James B. Zouras
                                        Ryan F. Stephan
                                        Stephan Zouras, LLP
                                        205 N. Michigan Avenue, Suite 2560
                                        Chicago, Illinois 60601
                                        312-233-1550

                                        Thomas M. Ryan
                                        Law Offices of Thomas M. Ryan, P.C.
                                        205 N. Michigan Ave., Suite 2560
                                        312-233-1553


                                        **Attorneys for the Plaintiffs**

### CERTIFICATE OF SERVICE

I, Matthew E. Van Tine, one of the attorneys for plaintiffs, hereby certify that on July 31, 2008, service of the foregoing **Plaintiffs' Reply In Support Of Their Motion To Conditionally Certify The Class And Issue Notice** was accomplished pursuant to ECF as to Filing Users and I shall comply with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.


     /s/   *Matthew E. Van Tine*
    Matthew E. Van Tine

Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| FIDEL SANTOS UMANA, on behalf of himself and all other persons similarly situated known and unknown, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No.  07 C 0801 |
| v. | ) ) | Judge Lefkow |
| ULTIMATE SPRAY-N-WASH, INC., | ) ) | |
| Defendant. | ) ) | |

### NOTICE OF LAWSUIT

**TO:   Persons Who Worked for Ultimate Spray-N-Wash, Inc. For More Than Forty (40) Hours in One or More Work Weeks and Were Not Paid Overtime Wages.**

> **Federal and State law prohibit the Company from terminating your employment or taking any other adverse employment action against you because you have exercised your legal right to participate in this case or because you have otherwise exercised your rights to your earned overtime pay.**

**1.     What is this Notice about?**

This Notice is to tell you about a "collective action" lawsuit in which you may join if you worked for Ultimate Spray-N-Wash, Inc. (the "Company") between February 9, 2004 and the present.

**2.     What is the lawsuit about?**

Plaintiff Fidel Santos Umana ("Plaintiff") is a current employee of the Company. In this lawsuit, Plaintiff claims he was not paid overtime wages. A Federal law, the Fair Labor Standards Act ("FLSA"), requires employers to pay certain employees "overtime pay" (or one and ½ times their regular rate of pay) for all time worked over forty (40) hours in any one work week. Plaintiff alleges that Defendant violated this Federal law by failing to pay him and other employees their earned overtime wages.

Plaintiff claims that he and all other persons who worked for the Company were denied overtime pay and are entitled to recover unpaid overtime pay from February 9, 2004 to the present.

Plaintiff also seeks an additional equal amount as liquidated damages and/or prejudgment interest, attorneys' fees and costs. The Company denies that Plaintiff is entitled to any compensation in this lawsuit. This lawsuit is currently in the early pretrial stage.

> **YOUR IMMIGRATION STATUS WILL NOT AFFECT YOUR RIGHT TO RECOVER OWED BACK OVERTIME WAGES.**

The Court overseeing this lawsuit has not made any determination whether anyone is entitled to any compensation. The Court will ultimately decide the merits of this case, and how much, if any, overtime wages will be awarded to the class members. Nothing in this Notice should be viewed as an admission of wrongdoing by the Company.

**3.    Why did I get this Notice?**

You received this notice because the lawyers for Plaintiff and the Company identified you as a person who worked for the Company between February 9, 2004 and the present who might be owed overtime wages. You are eligible to join this lawsuit.

**4.    How do I join this case?**

It is entirely your decision whether to join this lawsuit. If you want to join this suit and you worked more than forty (40) hours in a work week but were not paid overtime pay, you may join this lawsuit (that is, you may "opt in" to the lawsuit) by mailing or delivering the yellow Consent to Become a Party Plaintiff form enclosed to Plaintiff's counsel at the following address:

**Douglas M. Werman**
**Werman Law Offices, P.C.**
**77 W. Washington, Suite 1402**
**Chicago, Il 60602**
**312-419-1008**

**5.    By what date do I need to return the consent form to join this case?**

You must return the yellow Consent to Become a Party Plaintiff form to Plaintiff's Counsel in sufficient time to have Plaintiff's Counsel file it with the Federal Court on or before [**45 days from date of mailing.**] If you fail to return the completed Consent form to Plaintiff's counsel in time for it to be filed with the Federal Court on or before that deadline, you may not be able to participate in this lawsuit. That means you bear the risk of any non-delivery or delay in delivery of the Consent form.

**6.    What happens if I join this case?**

If you choose to join this lawsuit, you will be bound by any Judgment in this case, whether it is favorable or unfavorable. While this suit is proceeding, you may be required to respond to written questions, provide documents in your possession or control, sit for depositions, testify in court, or any combination of those things. If you do join this lawsuit, your continued right to participate in this suit may depend upon a later decision by the District Court that you and Plaintiff are actually "similarly situated" to each other in accordance with federal law.

The attorneys for the class Plaintiffs may be entitled to receive the payment of attorneys' fees and costs in this lawsuit should there be a recovery or judgment in Plaintiff's favor. If there is no recovery or judgment in Plaintiff's favor, you will not be responsible for any of Plaintiff's attorneys' fees. Any payment of attorneys' fees by the Company to Plaintiff's counsel may be subject to prior Court approval. If there is a recovery, the attorneys for the class may receive a part of any settlement obtained or money judgment entered in favor of all members of the class.

---

**YOUR IMMIGRATION STATUS WILL NOT AFFECT YOUR RIGHT
TO RECOVER OWED BACK OVERTIME WAGES.**

By joining this lawsuit, you designate the class representative as your agent to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the representative Plaintiff will be binding on you if you join this lawsuit.

**7.  What happens if I decide not to join this case?**

If you choose not to join this lawsuit, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable to the class. If you choose not to join in this lawsuit, you are free to file your own lawsuit, either on your own behalf or through an attorney of your own choice, or to do nothing.

**8.  Can I be fired or punished by the Company because I join this lawsuit?**

No. Federal law prohibits the Company from discharging you from employment or taking any other adverse employment action against you because you have exercised your legal right to join this lawsuit or because you have otherwise exercised your rights under the Fair Labor Standards Act.

**9.  Who will my lawyer be if I join the lawsuit?**

If you choose to join this suit, your interests will be represented by the named Plaintiff through his attorneys as counsel for the class, or you may select separate counsel. Counsel for the class is:

**Douglas M. Werman**
**Werman Law Offices, P.C.**
**77 W. Washington, Suite 1402**
**Chicago, Il 60602**
**312-419-1008**

Further information about this Notice or the deadline for filing a Consent form or other questions about this lawsuit may be obtained by writing or telephoning Plaintiff's counsel at the number and address stated above.

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS. THE FEDERAL DISTRICT COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF PLAINTIFF'S CLAIMS OR OF THE COMPANY'S DEFENSES.**

**PLEASE DO NOT CALL OR WRITE THE JUDGE ASSIGNED TO THIS MATTER. THE JUDGE CANNOT ANSWER QUESTIONS CONCERNING THIS LAWSUIT OR THIS NOTICE.**

---

**YOUR IMMIGRATION STATUS WILL NOT AFFECT YOUR RIGHT TO RECOVER OWED BACK OVERTIME WAGES.**

Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| EDGAR AMBRIZ on behalf of himself and all other similarly situated persons, known and unknown, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 2984 |
| | ) | |
| NEW PREMIER METALS RECYCLING, INC., PREMIER RECYCLING, INC., and MICHAEL OLIVE, individually, | ) ) ) | Judge Ruben Castillo |
| | ) | |
| Defendants. | ) | |

### NOTICE OF LAWSUIT

TO:   **Persons Who Worked for New Premier Metals Recycling, Inc. or Premier Recycling, Inc. For More Than Forty (40) Hours in One or More Work Weeks and Were Not Paid Overtime Wages.**

> **Federal and State law prohibit Defendant from terminating your employment or from taking any other adverse employment action against you because you have exercised your legal right to participate in this case or because you have otherwise exercised your rights to your earned overtime pay.**

1.    **What is this Notice about?**

This Notice is to tell you about a "collective action" lawsuit in which you may join if you worked for New Premier Metals Recycling, Inc. or Premier Recycling, Inc. between May 29, 2004 and December 8, 2006 and were not paid overtime wages for all time worked over forty (40) hours in any one work week.

2.    **What is the lawsuit about?**

Plaintiff Edgar Ambriz was employed by New Premier Metals Recycling, Inc. and Premier Recycling, Inc. as a machine operator. In this lawsuit, Plaintiff asserts that he was not paid overtime wages. Under federal law, employers are required to pay certain categories of hourly employees "overtime pay" for all time worked over forty (40) hours in any one work week. (One hour of overtime pay is 1.5 times the regular hourly rate of pay).

> **YOUR IMMIGRATION STATUS WILL NOT AFFECT YOUR RIGHT TO RECOVER OWED BACK OVERTIME WAGES.**

Plaintiff alleges that Defendants violated federal law by paying overtime pay only when he other employees worked over fifty (50) each week, instead of paying overtime pay when he and other employees worked over forty (40) hours each week.

Plaintiff claims that he and other persons who worked for the Company were denied overtime pay and are entitled to recover unpaid overtime pay from May 29, 2004 to December 8, 2006. Plaintiff also seeks an additional equal amount as liquidated damages, attorneys' fees and costs. Defendants deny that Plaintiff is entitled to any compensation in this lawsuit. This lawsuit is currently in the early pretrial stage.

The Court overseeing this lawsuit has not made any determination whether anyone is entitled to any compensation. The Court will ultimately decide the merits of this case, and how much, if any, overtime wages will be awarded to the class members. Nothing in this Notice should be viewed as an admission of wrongdoing by the Company.

**3.    Why did I get this Notice?**

You received this notice because you have been identified as an hourly employee who worked for Defendants between May 29, 2004 and December 8, 2006, and who might be owed overtime wages. If you fit the above definition and were not paid one and ½ times your hourly rate for all hours worked over forty in individual work weeks, you may be eligible to join this lawsuit.

**4.    How do I join the Case?**

It is your decision whether or not to join this lawsuit.  Your participation in this lawsuit is completely voluntary.  If you worked more than forty (40) hours in a work week but were not paid overtime pay, you may join this lawsuit by mailing or delivering the enclosed yellow form (Consent to Become a Party Plaintiff) to Plaintiff's counsel at the following address:

**Douglas M. Werman**
**Werman Law Offices, P.C.**
**77 W. Washington, Suite 1402**
**Chicago, Il 60602**
**312-419-1008**

**5.    By what date do I need to return the consent form to join this case?**

You must return the yellow Consent to Become a Party Plaintiff form to Plaintiff's counsel in sufficient time to have it filed with the Federal Court on or before **[45 days from date of mailing]**. If you fail to return the completed Consent form to Plaintiff's counsel in time for it to be filed with the Federal Court on or before that deadline, you may not be able to participate in this lawsuit. That means you bear the risk of any non-delivery or delay in delivery of the Consent form.

**6.    What happens if I join this case?**

If you choose to join this lawsuit, you will be bound by any judgment in this case, whether it is favorable or unfavorable. While this lawsuit is proceeding, you may be required to respond to

---

**YOUR IMMIGRATION STATUS WILL NOT AFFECT YOUR RIGHT
TO RECOVER OWED BACK OVERTIME WAGES.**

written questions, provide documents in your possession or control, participate in depositions, testify in court, or any combination of these things. If you do join this lawsuit, your continued right to participate in the case may depend upon a later decision by the District Court that you and Plaintiff are actually "similarly situated," in accordance with federal law.

The attorneys for the class Plaintiffs may be entitled to receive the payment of attorneys' fees and costs in this lawsuit should there be a recovery or judgment in Plaintiffs' favor. If there is no recovery or judgment in Plaintiffs' favor, you will not be responsible for any attorneys' fees. Any payment of attorneys' fees by Defendant to Plaintiffs' counsel may be subject to prior Court approval. If there is a recovery, the attorneys for the class may receive a part of any settlement obtained or money judgment entered in favor of all members of the class. By joining this lawsuit, you designate Plaintiff Ambriz as your agent to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the representative Plaintiff will be binding on you if you join this lawsuit.

7.  **What happens if I decide not to join this case?**

If you choose not to join this lawsuit, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable to the class. If you choose not to join in this lawsuit, you are free to file your own lawsuit, either on your own behalf or through an attorney of your own choice.

8.  **Can I be fired or punished by the Company because I join this lawsuit?**

No. Federal law prohibits an employer from discharging you from employment or taking any other adverse employment action against you because you have exercised your legal right to join this lawsuit or because you have otherwise exercised your rights under the federal overtime law.

9.  **Who will my lawyer be if I join the lawsuit?**

If you choose to join this suit, your interests will be represented by the named Plaintiff through his attorneys as counsel for the class. Counsel for the class is:

**Douglas M. Werman**
**Maureen A. Bantz**
**Werman Law Offices, P.C.**
**77 West Washington, Suite 1402**
**Chicago, Illinois 60602**
**312/419-1008**

Further information about this Notice or the deadline for filing a Consent form or other questions about this lawsuit may be obtained by writing or telephoning Plaintiff's counsel at the number and address stated above.

---

**YOUR IMMIGRATION STATUS WILL NOT AFFECT YOUR RIGHT
TO RECOVER OWED BACK OVERTIME WAGES.**

Exhibit C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| BERTOLDO ORTIZ, on behalf of himself and all other persons similarly situated, known and unknown, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.     06 C 5457 |
| FIELDS IMPORTS, INC. d/b/a FIELDS BMW, M. E. FIELDS, INC. d/b/a FIELDS INFINITI and FIELDS AUTOMOTIVE GROUP, and FIELDS JEEP, INC., | ) ) ) ) ) | Judge Darrah Magistrate Judge Cole |
| Defendants. | ) ) | |

### NOTICE OF COLLECTIVE ACTION

**TO:   Persons Employed By Fields Imports, Inc. d/b/a Fields BMW, M. E. Fields, Inc. d/b/a Fields Infiniti, Fields Automotive Group, and Fields Jeep, Inc. Since December 1, 2003, Who Worked At More Than One of Those Companies in The Same Workweek.**

> **Federal and State law prohibit the Company from terminating your employment or taking any other adverse employment action against you because you have exercised your legal right to participate in this case or because you have otherwise exercised your rights to your earned overtime pay.**

**1.      What is this Notice about?**

This Notice is to tell you about a "collective action" lawsuit in which you may join if you worked for Fields Imports, Inc. d/b/a Fields BMW and M. E. Fields, Inc. d/b/a Fields Infiniti, Fields Automotive Group, and Fields Jeep, Inc. any other Fields Automobile dealership (collectively the "Company") between December 1, 2003 and the present.

**2.      What is the lawsuit about?**

Plaintiff Bertoldo Ortiz ("the Plaintiff") is a former employee of the Company. In this lawsuit, he claims that when he worked at more than one Fields' automobile dealership in the same work week, he was not paid overtime wages at a rate of one and one half times his regular rate of pay for the time worked over 40 hours in those weeks. Instead, Plaintiff contends that the Company

> **YOUR IMMIGRATION STATUS WILL NOT AFFECT YOUR RIGHT TO RECOVER OWED BACK OVERTIME WAGES.**

illegally "split" his paychecks between different dealerships to avoid paying Plaintiff and other employees overtime pay. A Federal law, the Fair Labor Standards Act ("FLSA"), requires employers to pay certain employees "overtime pay" (or one and ½ times their regular hourly rate of pay) for all time worked over forty (40) hours in any one work week. Plaintiff alleges that all the different Field automobile dealerships are a single employer and Defendants violated this Federal law by failing to pay him and other employees their earned overtime wages when their combined hours working for those dealerships in the same workweek exceeded 40.

Plaintiff claims that he and all other employees of the Company who likewise were denied overtime pay are entitled to recover unpaid overtime pay from December 1, 2003 to the present. Plaintiff also seeks an additional equal amount as liquidated damages and/or prejudgment interest, attorneys' fees and costs. Defendant denies that Plaintiff is entitled to any compensation in this lawsuit. This lawsuit is currently in the early pretrial stage.

The Court overseeing this lawsuit has not made any determination whether anyone is entitled to any compensation. The Court will ultimately decide the merits of this case, and how much, if any, minimum and overtime wages will be awarded to the class members. Nothing in this Notice should be viewed as an admission or finding of wrongdoing by Defendant.

**3.    Why did I get this Notice?**

You received this notice because the lawyers for Plaintiff and the Company identified you as a person who worked for more than one of the following dealerships between December 1, 2003 and the present: Fields Imports, Inc. d/b/a Fields BMW and M. E. Fields, Inc. d/b/a Fields Infiniti, Fields Automotive Group, and Fields Jeep, Inc. between December 1, 2003, and the present who might be owed overtime wages You are eligible to join this lawsuit.

**4.    How do I join this case?**

If you want to join this suit and if you fit the above definition, you may join this lawsuit (that is, you may "opt in" to the lawsuit) by mailing or delivering the yellow Consent to Become a Party Plaintiff form enclosed to Plaintiff's counsel at the following address:

**Douglas M. Werman
Werman Law Offices, P.C.
77 W. Washington, Suite 1815
Chicago, Il 60602
312-419-1008**

**5.    By what date do I need to return the consent form to join this case?**

You must return the yellow Consent to Become a Party Plaintiff form to Plaintiff's Counsel in sufficient time to have Plaintiff's Counsel file it with the Federal Court on or before **[45 days from date of mailing]**. If you fail to return the completed Consent form to Plaintiff's counsel in time for it to be filed with the Federal Court on or before that deadline, you may not be able to participate in this lawsuit. That means you bear the risk of any non-delivery or delay in delivery of the Consent form.

---

**YOUR IMMIGRATION STATUS WILL NOT AFFECT YOUR RIGHT
TO RECOVER OWED BACK OVERTIME WAGES.**

**6.    What happens if I join this case?**

If you choose to join this lawsuit, you will be bound by any Judgment in this case, whether it is favorable or unfavorable. While this suit is proceeding, you may be required to respond to written questions, provide documents in your possession or control, sit for depositions, testify in court, or any combination of those things.

You are not automatically entitled to compensation if you choose to join this lawsuit.  If you do join this lawsuit, your continued right to participate in this suit may depend upon a later decision by the District Court that you and Plaintiff are actually "similarly situated" to each other in accordance with federal law.

The attorneys for the class Plaintiff may be entitled to receive the payment of attorneys' fees and costs in this lawsuit should there be a recovery or judgment in Plaintiff's favor. If there is no recovery or judgment in Plaintiff's favor, you will not be responsible for any of Plaintiff's attorneys' fees, though you may be responsible for a portion of the Company's costs. Any payment of attorneys' fees by the Company to Plaintiff's counsel may be subject to prior Court approval. If there is a recovery, the attorneys for the class may receive a part of any settlement obtained or money judgment entered in favor of all members of the class. By joining this lawsuit, you designate the class representative as your agent to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the representative Plaintiff will be binding on you if you join this lawsuit.

**7.    What happens if I decide not to join this case?**

If you choose not to join this lawsuit, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable to the class. If you choose not to join in this lawsuit, you are free to file your own lawsuit, either on your own behalf or through an attorney of your own choice, or to decline to file a lawsuit.

**8.    Can I be fired or punished by the Company if I join this lawsuit?**

No. Federal law prohibits the Company from discharging you from employment or taking any other adverse employment action against you because you have exercised your legal right to join this lawsuit or because you have otherwise exercised your rights under the Fair Labor Standards Act.

**9.    Who will my lawyer be if I join the lawsuit?**

If you choose to join this suit, your interests will be represented by the named Plaintiff through his attorneys as counsel for the class. Counsel for the plaintiffs is:

---

**YOUR IMMIGRATION STATUS WILL NOT AFFECT YOUR RIGHT
TO RECOVER OWED BACK OVERTIME WAGES.**

**Douglas M. Werman**
**Werman Law Offices, P.C.**
**77 W. Washington, Suite 1815**
**Chicago, Il 60602**
**312-419-1008**

Further information about this Notice or the deadline for filing a Consent form or other questions about this lawsuit may be obtained by writing or telephoning Plaintiff's counsel at the number and address stated above.

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS. THE FEDERAL DISTRICT COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF PLAINTIFF'S CLAIMS OR OF DEFENDANT'S DEFENSES.**

**PLEASE DO NOT CALL OR WRITE THE JUDGE ASSIGNED TO THIS MATTER. THE JUDGE CANNOT ANSWER QUESTIONS CONCERNING THIS LAWSUIT OR THIS NOTICE.**

---

**YOUR IMMIGRATION STATUS WILL NOT AFFECT YOUR RIGHT TO RECOVER OWED BACK OVERTIME WAGES.**