UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CRYSTAL HOWARD, PAUL GALLOWAY, ROBERT NEWSON and ALVAN YOUNG | ) ) ) | |
| Plaintiffs | ) ) | Case No. 08 C 2746 |
| v. | ) ) | Judge Gottschall |
| SECURITAS SECURITY SERVICES USA, INC. | ) ) ) | Magistrate Judge Valdez |
| Defendant | ) ) | |

DEFENDANT'S MOTION TO FILE CLARIFYING AFFIDAVIT

Defendant, Securitas Security Services USA, Inc. (hereinafter "Securitas USA"), by and through its attorneys, Bell, Boyd & Lloyd, respectfully moves to file a Clarifying Affidavit in support of Defendant's Motion for Partial Summary Judgment, and in support thereof states as follows:

1. Plaintiffs, a group of terminated Securitas USA K-9 canine security guards, brought the present lawsuit in May 2008, alleging, among other claims, that they were not paid overtime in violation of the Fair Labor Standards Act. *See*, Plaintiffs' Complaint.

2. Securitas USA filed its Motion for Partial Summary Judgment on July 9, 2008, providing detailed summaries and exemplars showing overtime consistently being recorded and paid to Plaintiffs, and an exemplar client bill showing overtime and straight time hours being billed to a Securitas USA client for whom Plaintiffs provided services, the Chicago Transit Authority (hereinafter "CTA"). See, Compendium of Affidavits and Other Materials Relied Upon by Defendant In Support of Its Motion for Partial Summary Judgment, Tab 1, Exs. H-Q.

3. On July 9, 2008, in accordance with this Court's procedures, Securitas USA filed a Compendium of Affidavits and Other Materials Relied Upon In Support of Its Motion For Partial Summary Judgment, which included as Exhibit 1 the Affidavit of David Reese, the Chicagoland Branch Manager for the Securitas K-9 Branch.

4. Mr. Reese's Affidavit describes the method by which Securitas K-9 bills straight time and overtime hours worked to the CTA as follows:

> When all of the timesheets are entered into Securitas' payroll system, the system also automatically generates a bill to the appropriate Securitas K-9 client. Clients are invoiced weekly for all regular and overtime worked by Securitas K-9 employees. The CTA, the client for whom the Plaintiffs worked while at Securitas K-9 has a contract with Securitas based on hours billed -- it is not a flat fee contract. As a result, the more hours these Securitas K-9 employees worked and billed, the more money Securitas K-9 made. (Compendium, Ex. 1, p. 13, Para. 35).

5. In turn, Securitas USA's Memorandum of Law in Support of its Motion for Partial Summary Judgment, which was filed on July 9, 2008, references Paragraph 35 of Mr. Reese's Affidavit as follows:

> Perhaps most importantly, Securitas has explained that it billed the straight time and overtime hours worked by Plaintiffs directly to the client, the CTA. Stmt. of Facts Par. 53; Tab "1" -- Aff. of D. Reese at p. 13, Par. 35. The more overtime hours Plaintiffs worked, the more hours Securitas billed and collected for itself from the CTA. Stmt. of Facts Par. 54; Tab "1" -- Aff. of D. Reese at p. 13, Par. 35. Plaintiffs have proffered no explanation as to why Securitas would choose to deprive itself of profits by denying them overtime pay. (Defendants' Memorandum, p. 13).

6. Subsequent preparation of discovery responses to Plaintiffs' pending discovery requests in this case have substantiated the statements made in Paragraph 35 of Mr. Reese's affidavit and on page 13 of Defendant's Memorandum, and have also revealed an additional fact that warrants clarification.

7. To wit, the CTA is billed directly for all straight time and overtime hours worked by Plaintiffs and their K-9 security guard counterparts. Plaintiffs in turn were paid straight time

pay for all straight time hours worked and overtime pay for all overtime hours worked on the CTA account, in accordance with the Fair Labor Standards Act. D. Reese Clarifying Affidavit, Pars. 4 and 5, attached hereto as Ex. A.

8.  Securitas K-9 charges the CTA an amount per hour, set by contract, to cover expenses and profit margin, for each straight time and overtime hour worked. In turn, Securitas pays K-9 security guards who work on the CTA account straight time pay for all straight time hours worked under 40 in a workweek, and overtime pay for all overtime hours worked in a workweek, based on each security guards' applicable hourly rate, in accordance with the Fair Labor Standards Act. Ex. A hereto, Par. 5.

9.  The clarifying point is that while Securitas K-9 does make more profits the more straight time and overtime hours it bills to the CTA, its profit margin is lower for overtime hours. Ex. A hereto, Par. 6.

10.  There is one type of situation where the CTA pays a special overtime rate for overtime hours worked by Securitas K-9 employees. There are occasions when the CTA requests and pre-approves overtime hours for special assignments. Ex. A hereto, Par. 7. Special assignments generally involve special events that cause increased public transportation usage. Id. at Par. 7. An example is Chicago's July 3rd fireworks, where the CTA pre-approves overtime and pays for such overtime at a special overtime rate. Id.

11.  Due to the foregoing, Securitas USA now seeks to file this Clarifying Affidavit of David Reese to ensure that statements made regarding CTA billing are full and complete.

12.  Plaintiffs will not be prejudiced by the filing of Mr. Reese's Clarifying Affidavit. Substantial time remains for Plaintiffs to respond to Defendant's Motion for Partial Summary

Judgment, and Plaintiffs' counsel has indicated the intent to depose Mr. Reese prior to filing their response thereto.

WHEREFORE, Defendant Securitas Security Services USA, Inc. respectfully asks this Court to permit it to file the attached Clarifying Affidavit of David Reese.

Dated:  August 5, 2008                                Respectfully submitted,
                                                      SECURITAS SECURITY SERVICES USA, INC.


                                              By:     s/David M. Novak
                                                              One of Its Attorneys


David M. Novak
John T. Roache
Melissa A. Siebert
Edward M. Graham
BELL, BOYD & LLOYD LLP
Three First National Plaza
70 W. Madison, Suite 3100
Chicago, Illinois  60602
(312) 372-1121

CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the above and foregoing Defendant's Motion to File Clarifying Affidavit was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing, on this 5th day of August 2008, to the following:

James B. Zouras
Ryan F Stephan
Stephan Zouras, LLP
205 N. Michigan, Suite 2560
Chicago, Illinois  60601

Marvin A. Miller
Matthew E. Van Tine
Miller Law LLC
115 S. LaSalle, Suite 2910
Chicago, Illinois  60603

Thomas M. Ryan
Law Offices of Thomas M. Ryan, P.C.
205 N. Michigan, Suite 2560
Chicago, Illinois  60601

s/David M. Novak
David M. Novak

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRYSTAL HOWARD, PAUL GALLOWAY, ) <br> ROBERT NEWSON and ALVAN YOUNG ) <br> ) <br> Plaintiffs ) <br> ) <br> v. ) <br> ) <br> SECURITAS SECURITY SERVICES ) <br> USA, INC. ) <br> ) <br> Defendant ) | Case No. 08 C 2746 <br><br> Judge Gottschall <br><br> Magistrate Judge Valdez |

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF COOK       )

CLARIFYING AFFIDAVIT OF DAVID REESE

David Reese, being first duly sworn on oath, deposes and states as follows:

1. Since Spring 2005, I have been the Chicagoland Branch Manager for the Securitas K-9 Branch ("Securitas K-9"), managing Securitas' canine security services and canine security officers in the greater Chicago area. I have personal knowledge of the matters sworn to herein.

2. On July 2, 2008, I reviewed and signed an Affidavit that I understand was filed with this Court in the case of *Howard et al. v. Securitas Security Services USA, Inc.*, Case No. 08 C 2746. Paragraph 35 of my Affidavit discusses how straight time and overtime hours worked by the Plaintiffs in this case are billed to the appropriate client, the Chicago Transit Authority, and states as follows:

> When all of the timesheets are entered into Securitas' payroll system, the system also automatically generates a bill to the appropriate Securitas K-9 client. Clients are invoiced weekly for all regular and overtime worked by Securitas K-9 employees. The CTA, the client for whom the Plaintiffs worked while at Securitas K-9 has a contract with Securitas based on hours billed -- it is not a flat fee con-

**EXHIBIT A**

tract. As a result, the more hours these Securitas K-9 employees worked and billed, the more money Securitas K-9 made.

Compendium of Affidavits and Other Materials, Ex. 1, p. 13, Para. 35.

3. The above statements are all true and correct. However, additional explanation may be necessary to provide a complete picture of Securitas K-9's billing practices with regard to the CTA, which is set forth below.

4. Securitas K-9 does bill the CTA directly for all straight time and overtime hours worked by Plaintiffs. Except as I state in Paragraph 7 below, Securitas K-9 charges the CTA an amount per hour, set by contract, to cover expenses and profit margin. As a result, the more straight time and overtime hours Securitas K-9 bills to the CTA, the more money Securitas K-9 makes.

5. In turn, Securitas K-9 pays its K-9 security officers who work on the CTA account straight time pay for all straight time hours worked under 40 in a workweek, at a rate based on a security officer's particular hourly rate, and overtime pay for all overtime hours worked in a workweek, at a rate of time and one half based on a security officer's particular hourly rate.

6. While Securitas K-9 makes more money from the CTA for each straight time and overtime hour it bills, Securitas K-9's profit margin for overtime hours is lower than its profit margin for straight time hours.

7. The only exception to the foregoing is in situations where the CTA specifically requests and pre-approves overtime, such as for special assignments where events throughout the City of Chicago lead to increased public transportation usage. As an example, on July 3rd, the City of Chicago customarily hosts its Fourth of July fireworks display in Grant Park, and the CTA, anticipating higher public transportation usage, usually requests overtime coverage from Securitas K-9. In such situations, the CTA is billed a special overtime rate set by contract.

Further sayeth affiant not.

_____
David Reese

Subscribed and sworn to me this 5th day of August 2008

_____
Notary Public

OFFICIAL SEAL
SALLY BOETTCHER
Notary Public - State of Illinois
My Commission Expires Dec 3, 2009

3