IN THE UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRYSTAL HOWARD, PAUL GALLOWAY, ROBERT NEWSON AND ALVAN YOUNG, Individually, and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SECURITAS SECURITY SERVICES, USA INC.,<br><br>Defendant. | Hon. Joan B. Gottschall<br><br>Magistrate Judge Maria Valdez<br><br>Case No. 08 C 2746 |

## PARTIES' JOINT STATUS REPORT

1. Nature of claims and defenses: Plaintiffs are security guards who are seeking damages under the Fair Labor Standards Act (FLSA) because they claim that Defendant failed to accurately record all hours worked and properly pay them for all time worked over 40 hours per week, including time spent laundering, pressing and maintaining their uniforms. Specifically, Plaintiffs claim that Defendant failed to properly record time worked by Plaintiffs or pay time and one half for all hours worked over 40 per week.

Defendant denies that it violated the FLSA and asserts that Plaintiffs' claims are without merit. In addition, Defendant asserts that Plaintiffs' claims are subject to several affirmative defenses.

2. Relief sought by Plaintiff: Plaintiff seeks unpaid overtime, liquidated damages, attorney's fees and expenses. Defendant denies that Plaintiffs are entitled to any of the relief sought. Defendant also has asserted affirmative defenses to at least some of Plaintiffs' claims.

3. Names of parties not served: All parties have been served.

4. Principal legal and factual issues: The primary issue in the case is Plaintiffs' claim that Defendant failed to record and compensate all time actually worked by Plaintiffs, including overtime. Pursuant to the FLSA, the Defendant must satisfy its statutory obligations to maintain accurate time records reflecting all hours worked on a daily and weekly basis. If Plaintiffs prove that the Defendant failed to maintain time records as required by the FLSA, Plaintiffs must then prove that they performed work for which they were not properly compensated and present "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Here, Plaintiffs claim that Defendant failed to record all time spent working outside of Plaintiffs' scheduled shifts. In addition, Plaintiffs claim that they spent time

each week laundering, pressing, and maintaining Defendant's company-issued uniforms, that this time constituted "work" under the FLSA, and that Defendant should have compensated them for such time. Defendant denies that it failed to comply with its statutory obligation to properly record and compensate all time that Plaintiffs actually worked, including overtime.

5. List of pending motions and brief summary of bases for motions:

   a. Plaintiffs' 216(b) motion to conditionally certify class and issue notice;
   b. Defendant's motion for partial summary judgment.

6. Description of discovery requested and exchanged: Plaintiffs have tendered their first set of interrogatories and requests for production. Defendants expect to serve interrogatories, document requests, and a request to admit facts.

7. Type of discovery needed:

   a. The parties agree that discovery initially should be limited to issues raised by Plaintiffs' motion to conditionally certify the class and issue notice and by Defendant's motion for partial summary judgment and initially will engage in written and oral discovery regarding those issues.
   b. The parties shall submit an amended or supplemental Joint Status Report after the Court has decided the parties' pending motions and the scope of discovery that is necessary and relevant is clarified.
   c. The parties cannot agree on the scope of the discovery that will be required at this time. Defendant proposes that the parties address this issue after the Court has ruled on the pending motions. Discovery contemplated by Plaintiffs, to which Defendant does not agree, includes:
      i. Security guard pay plans;
      ii. Security guard personnel files;
      iii. Defendant's handbooks and policies;
      iv. Policies, practices and procedures relating to security guard uniforms;
      v. The amount of overtime worked;
      vi. Defendant's recordkeeping, including any falsification of records;
      vii. Defendant's time keeping system;
      viii. Defendant's payroll records;
      ix. Emails, reports, complaints and other communication regarding wage and hour matters;
      x. Wages that were paid;
      xi. Wages that were unpaid;
      xii. Time worked before the start of each scheduled shift;
      xiii. Time worked after the end of each scheduled shift;
      xiv. Time worked laundering, pressing and maintaining uniforms;
      xv. Security guard job descriptions;
      xvi. Security guard training;
      xvii. Security guard job duties;

2

    xviii. Defendant's job description and pay plans for managers, supervisors and other management personnel.

    xix. Defendant's consistent policies of depriving employees overtime pay throughout the organization;

    xx. The approximate number of employees who worked for Defendant during the applicable statute of limitations; and,

    xxi. Other information relating to the Plaintiffs' claims brought in this lawsuit.

8. Electronic Discovery

    a. Defendant initially agrees to produce any emails that refer or relate to Defendant's time records, discrepancies, and corrections for security guards in its K-9 Unit who have filed consents to be parties in this lawsuit and Defendant's policies and practices regarding same in connection with the parties' pending motions. Defendant also agrees to identify all potential sources of Electronically Stored Information "ESI" and preserve such information while this litigation is pending.

    b. The parties cannot agree at this time as to the need for and scope of electronic discovery. Defendant objects that the burden and expense of the electronic discovery regime proposed by Plaintiff significantly outweigh the relevance of any information to which such a regime is likely to lead, particularly given the nature of the case.

    c. The parties shall submit an amended or supplemental Joint Status Report after the Court has decided the parties' pending motions to address the necessity and scope of any remaining electronic discovery.

9. Agreed dates for:

    a. Rule 26(a)(1) disclosures: August 14, 2008;

    b. Fact discovery completion:

        i. Necessary discovery related to the pending motion to conditionally certify the class and issue notice and the motion for partial summary judgment shall be completed by December 1, 2008.

        ii. The parties shall submit an amended or supplemental Joint Status Report after the Court has decided the parties' pending motions to schedule the close of discovery on the merits.

    c. The parties shall submit an amended or supplemental Joint Status Report after the Court has decided the parties' pending motions to schedule the close of any necessary expert discovery.

    d. The parties shall submit an amended or supplemental Joint Status Report after the Court has decided the parties' pending motions to schedule the date by which the parties' must file dispositive motions;

    e.    The parties shall submit an amended or supplemental Joint Status Report after the Court has decided the parties' pending motions to schedule the date by which the parties' must file a final pre-trial order;

10.    The parties shall submit an amended or supplemental Joint Status Report after the Court has decided the parties' pending motions to provide an estimate regarding when the matter will be ready for trial;

11.    Probable length of trial: The parties shall submit an amended or supplemental Joint Status Report after the Court has decided the parties' pending motions to provide an estimate regarding the anticipated length of trial.

12.    Whether a request has been made for a jury trial: There has been a request for a jury trial.

13.    Whether there have been settlement discussions and if so the outcome of those discussions: There have not been any settlement discussions.

Respectfully,

Date: August 13, 2008

/s/ Ryan F. Stephan  
ATTORNEYS FOR THE PLAINTIFF  
Ryan F. Stephan  
James B. Zouras  
STEPHAN ZOURAS, LLP  
205 N. Michigan Ave, Suite 2560  
Chicago, Illinois 60601  
312-233-1550  
312-233-1560 f

/s/ Edward M. Graham  
ATTORNEYS FOR THE DEFENDANT  
Edward M. Graham  
BELL, BOYD & LLOYD, LLP  
70 W. Madison Street, Suite 3100  
Chicago, Illinois 60602  
312-807-4305  
312-827-8088 f