UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CRYSTAL HOWARD, et al., | ) | |
| individually and on behalf of all | ) | |
| others similarly situated, | ) | 08 CV 2746 |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| SECURITAS SECURITY SERVICES | ) | |
| USA, INC., | ) | |
| | ) | |
| Defendant. | ) | April 19, 2011 |

**MEMORANDUM OPINION and ORDER**

Fact discovery in this conditionally-certified collective action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., closed on May 28, 2010. The named plaintiffs, Crystal Howard, John Huebner, Paul Galloway, Robert Newson, and Alvan Young, (collectively, "the plaintiffs") have moved to reopen discovery for the limited purpose of re-deposing Laura Rysavy and Susan Joorfetz, employees of defendant Securitas Security Services USA Inc. ("Securitas"). For the following reasons, the motion is granted:

**Background**

Throughout much of the fact discovery period in this case the parties waged battles over the appropriate scope of the plaintiffs' request that Securitas scour its email accounts using specific key-word searches to identify email correspondence relating to employee compensation. In March 2009 Securitas sent the plaintiffs a letter claiming that "'Boolean' searches are not possible with the existing technology," but consenting to "the concept of a

key word search." (R. 374, Ex. A.) On November 20, 2009, the plaintiffs deposed Laura Rysavy, Securitas Vice-President of Human Resources, on the topic of employee compensation generally. (R. 372 ¶ 4.) More than a month later, the plaintiffs sent their proposed key-word search to Securitas. (Id. Ex. B.) When Securitas did not produce the requested search results, the plaintiffs moved to compel their production. (R. 283, 320.) In the meantime, the plaintiffs deposed Susan Joorfetz, Securitas Regional Training Manager, on March 25, 2010. (R. 372 ¶ 5.)

In June 2010 the parties continued to scuffle over the scope of the requested email search. Via an email dated June 2, 2010, Securitas informed the plaintiffs that their revised list of email search terms returned 197,197 emails from its system. (R. 374, Ex. C.) To proceed, Securitas demanded that the plaintiffs narrow their search terms in scope and number and reduce the number of email accounts to be searched. (Id.) On June 3, 2010, the then-assigned magistrate judge granted the plaintiffs' motion to compel production of the emails in part. (R. 323.) The court specified that a Boolean search of the Securitas email accounts would be performed and a de-duplication program run, but encouraged the plaintiffs to first narrow their search terms. (Id.) On June 17, 2010, the referral in this case was transferred to the undersigned judge. (R. 328.) To assist in then-ongoing settlement negotiations, this court ordered Securitas to produce the requested emails by November 5, 2010—more than five months after the scheduled close of fact discovery. (R. 356.)

## Analysis

The plaintiffs seek to re-depose Joorfetz and Rysavy for the limited purpose of asking questions related to the information conveyed in the emails which Securitas produced after the close of fact discovery. This court may grant leave to a party to depose a witness more than once "to the extent consistent with Rule 26(b)(2)." *See* Fed. R. Civ. P. 30(a)(2)(A)(ii). Rule 26(b)(2)(C) permits the court to limit the frequency or extent of discovery if: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." This court has broad discretion in analyzing those factors and "should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truthseeking function of the particular case before the court." *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (internal quotations omitted).

Securitas gives two reasons—neither of them persuasive—for its objection to the plaintiffs' request. First, Securitas argues that the delay in the email production is the plaintiffs' fault. But finger-pointing at this point in the litigation is neither compelling nor productive. It is clear that both sides had a hand in the months-long delay in the production of relevant emails and Securitas's decision to withhold the emails until compelled to produce

3

them was a significant factor in that delay. Second, Securitas argues that the plaintiffs should not be awarded a "second bite at the apple" where they went ahead with the depositions before the emails were turned over. But the plaintiffs will not be penalized for moving forward with the depositions in accordance with the court-imposed discovery schedule. That is especially so given that it was unclear before discovery ended whether and when Securitas would produce the emails at the heart of the current motion.

Most importantly, looking at the totality of the circumstances, *see Patterson*, 281 F.3d at 681, the plaintiffs have shown that allowing them to briefly re-depose Joorfetz and Rysavy is consistent with the principles behind Rule 26(b). The court will ensure that the depositions are not unreasonably duplicative by limiting the scope of the depositions to issues related to the newly produced emails. *See* Fed.R.Civ.P. 26(b)(i). In light of the defendants' delayed production of the requested emails, the plaintiffs did not have ample opportunity to seek answers to their questions related to the emails until after the first depositions were complete. *See* Fed.R.Civ.P. 26(b)(ii). And Securitas does not claim that producing Joorfetz and Rysavy for second depositions would be unreasonably burdensome. *See* Fed.R.Civ.P. 26(b)(iii). Because the plaintiffs have demonstrated that the re-depositions of Joorfeltz and Rysavy are relevant to illuminate Securitas's compensation policies and practices, and because they have shown good cause for seeking that information after the close of discovery, the motion is granted.

**Conclusion**

For the foregoing reasons, the plaintiffs' Motion to Depose Laura Rysavy and Susan Joorfetz is granted. The depositions are limited to two hours each and must be limited in scope to the information conveyed in the emails produced by Securitas.

**ENTER:**

_____
**Young B. Kim
United States Magistrate Judge**