# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | Young B. Kim |
|---|---|---|---|
| **CASE NUMBER** | 08 CV 2746 | **DATE** | June 23, 2011 |
| **CASE TITLE** | Howard et al vs. Securitas Security Services, USA Inc. | | |

**DOCKET ENTRY TEXT**

Plaintiffs' Motion to Substitute Mr. William Cutler as Their Expert Because of the Illness of Their Prior Expert, Mr. Oran Clemons, and To Enlarge the Time for Expert Depositions [387] is granted. Defendant has until July 22, 2011, to depose Plaintiffs' expert. Defendant may amend or supplement its Rule 26(a)(2) report by August 12, 2011. Plaintiffs then have until September 9, 2011, to depose Defendant's expert. Parties are ordered to schedule the deposition of both experts by July 1, 2011. Status hearing will be held on September 13, 2011, at 11:00 a.m. in courtroom 1944D.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

After Oran Clemons submitted an expert report on behalf of Plaintiffs in this case, he was diagnosed with leukemia. His ensuing treatment prevented him from sitting for a deposition originally scheduled for March 2011 and then rescheduled to April 2011. According to Mr. Clemons, his leukemia currently is in remission but he continues to receive treatment for related health complications. Although the deadline for expert disclosure is now long-past, based on Mr. Clemons's precarious health status, Plaintiffs seek to substitute William Cutler as their expert. Mr. Cutler is available to be deposed within the next 30 days.

Defendant objects to the current motion, arguing in part that Plaintiffs' assertions regarding Mr. Clemons's illness are insufficiently supported. That concern is addressed by the affidavit Mr. Clemons submitted along with Plaintiffs' reply, attesting to his diagnosis and on-going recovery. Defendant seeks to cast doubt on the severity of Mr. Clemons's condition by pointing to an offer made by one of Plaintiffs' attorneys to have Mr. Clemons testify at an October trial in a separate case. But as Mr. Clemons explains in his affidavit, he will testify in that trial only if he continues to recover. (R. 393, Pls.' Reply Ex. A, Clemons Aff. ¶ 7.) This court finds that Mr. Clemons's on-going efforts to recover from a serious threat to his health provides substantial justification to substitute Plaintiffs' expert after the disclosure deadline. *See Torres v. Mactac Trading Corp.*, 93 CV 5320, 1998 WL 603103, at *2 (Sept. 4, 1998) (allowing expert substitution where original expert diagnosed with leukemia).

Defendant also argues that to the extent this court is inclined to allow the substitution, "then the Court should strike those portions of Mr. Cutler's expert report that exceed the scope or are contradictory to Mr. Clemons' expert report." (R. 391, Def.'s Resp. at 5.) Specifically, Defendant asks the court to strike a paragraph in which Mr. Cutler opines, based on his background at the United States Department of Labor, "that it is possible to extrapolate the results of a sampling to an entire class of employees." (Id. at 6.) Defendant asserts that this reference is designed unfairly to cure a deficiency that Defendant's own expert uncovered in the report submitted

by Mr. Clemons. Defendant also seeks to have this court strike "Mr. Cutler's damages analysis to the extent that it differs from that of Mr. Clemons." (Id.) It argues that the damages calculation should be stricken because it results in an increase of approximately $13 million in potential damages.

Although a substitute expert is generally limited to providing a report and testimony that adheres to the subjects and theories covered by the previous expert, "the substitute is not normally required to simply adopt the prior expert's conclusions verbatim—in effect, doing little more than authenticating and confirming the prior expert's conclusions." *Lincoln Nat'l Life Ins. Co. v. Transamerica Fin. Life Ins. Co.*, 1:04-CV-396, 1:06-CV-317, 2010 WL 3892860, at *2-*3 (N.D. Ind. Sept. 30, 2010). Instead, "the substitute expert 'should have the opportunity to express his opinions in his own language after reviewing the evidence and performing whatever tests prior experts on both sides were allowed to perform.'" *Id.* at *3 (quoting *Morel v. Daimler-Chrysler Corp.*, 259 F.R.D. 17, 22 (D.P.R. 2009)). Here, Plaintiffs have shown that the challenged portions of Mr. Cutler's report track the opinions given and methods used by Mr. Clemons to an extent that prevents any unfair disadvantage to Defendant. With respect to the challenged section relating to Mr. Cutler's background and the sampling technique, Mr. Cutler explained that he used the same analytical techniques used by Department of Labor Compliance Specialists in similar cases. He noted that those techniques "would be the same as those used by Mr. Clemons in formulating his opinions." (R. 387, Ex. A, Cutler Report at 54.) Moreover, the increased damages calculation cited by Mr. Cutler is not the product of an entirely new analysis, but rather the result of his decision to plug a different variable into the same analytical framework employed by Mr. Clemons. Because Plaintiffs have shown that Mr. Cutler employed the same underlying tests as Mr. Clemons, there is no reason to strike his explanation of the tests or his distinct calculations.