THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| CRYSTAL HOWARD, JOHN HUEBNER, PAUL GALLOWAY, ROBERT NEWSON AND ALVAN YOUNG, Individually, and on Behalf of All Others Similarly Situated, ) ) ) ) ) | |
| Plaintiffs, ) ) | Hon. Gary Feinerman |
| v. ) ) | Magistrate Judge Young B. Kim |
| SECURITAS SECURITY SERVICES, USA INC., ) ) ) | Case No. 08 C 2746 |
| Defendant. ) ) ) | |
| STEPHANIE HAWKINS and DARSEMIA JACKSON Individually, and on Behalf of All Others Similarly Situated, ) ) ) ) | |
| Plaintiffs, ) ) | Hon. Gary Feinerman |
| v. ) ) | Case No. 09 C 3633 |
| SECURITAS SECURITY SERVICES, USA INC. ) ) ) | |
| Defendant. ) ) | |

**ORDER CERTIFYING CLASS FOR SETTLEMENT PURPOSES ONLY <u>AND
GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT</u>**

On January 16, 2014, the Court heard a motion for preliminary approval of a settlement of a class action by Plaintiffs. The Court has considered the terms of Settlement Agreement including the Notice Regarding Proposed Settlement of Class Action, the Election to Opt-Out of Settlement and Class Action Form, and the submissions of counsel, and hereby finds and orders as follows:

1. Unless otherwise defined herein, all terms used in this Order (the "Preliminary Approval Order") will have the same meaning as defined in the Settlement Agreement.

2. The Court finds on a preliminary basis that the settlement memorialized in the Settlement Agreement, and filed with the Court, falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval.

3. This Court grants preliminary approval of the parties' Settlement Agreement.

4. The Court finds, for purposes of settlement only, that the class certification requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3) are satisfied with respect to the Settlement Class, with the exception of the manageability requirement of Rule 23(b)(3) that the Court need not address for purposes of settlement. Moreover, the court notes that it previously certified that class and the collective in this case.

5. This Court approves Kurtzman Carson Consultants "KCC" as Settlement Administrator to perform duties in accordance with the terms of the Settlement Agreement.

6. The Notices to be provided as set forth in the Settlement Agreement are hereby found to be the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed settlement and the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23, due process, the Constitution of the United States, and all other applicable laws. The Notices are accurate, objective, and informative and provide members of the Settlement Class with all of the information necessary to make an informed decision regarding their participation in the settlement and its fairness.

7. The Notice Regarding Proposed Settlement of Class Action, attached to the Settlement Agreement as Exhibit A, including the Election to Opt-Out of Settlement and Class Action Form and the Change of Name or Address Information Form are approved. The Settlement Administrator is authorized to mail those documents to the Class Members as provided in the Settlement Agreement.

8. Any written objection to the settlement must be submitted to the Court no later than March 27, 2014.

9. The CAFA Notice, substantially in the form attached to the Settlement Agreement as Exhibit B, and the procedures relating to mailing of the CAFA Notice, as described in Paragraph 60 of the Settlement Agreement, are approved.

10. Pending the Court's decision on final approval of the settlement and entry of the Court's Final Approval Order, the Litigation and any other action or proceeding brought by or on behalf of the Named Plaintiffs or any Class Member that asserts any claim released under the settlement shall be stayed in each such action or proceeding.

11. In the event that the Effective Date does not occur, the settlement and the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever. In such case, nothing in the Settlement Agreement or this Order shall be relied upon, cited as, constitute evidence of, or constitute an admission that class action certification is or may be appropriate in this action or any other matter.

12. The Class Representatives and Defendants are ordered to carry out the settlement according to the terms of the Settlement Agreement.

13. The Court will conduct a Final Approval Hearing on May 7, 2014, at 9:00 a.m. to determine the overall fairness of the settlement. The Final Approval Hearing may be continued

without further notice to Class Members. The Class Representatives and Defendants shall file their motion for approval of the settlement, and Class Counsel shall file their unopposed motion for attorneys' fees, costs and expenses, and the Class Representative Service Payment, at least 14 days prior to the Final Approval Hearing.

IT IS SO ORDERED.

Dated: January 16, 2014

_____
The Honorable Gary M. Feinerman
United States District Court Magistrate Judge