THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CRYSTAL HOWARD, JOHN HUEBNER, PAUL GALLOWAY, ROBERT NEWSON** and **ALVAN YOUNG**, Individually, and on Behalf of All Others Similarly Situated, | )<br>)<br>)<br>)<br>) |
| **Plaintiffs,** | ) Case No. 08-C-2746<br>)<br>) Honorable Judge Gary Feinerman |
| v. | )<br>) Magistrate Judge Young B. Kim |
| **SECURITAS SECURITY SERVICES USA, INC.,** | )<br>) |
| **Defendant.** | )<br>)<br>) |
| **STEPHANIE HAWKINS** and **DARSEMIA JACKSON**, Individually, and on Behalf of All Others Similarly Situated, | )<br>) Case No. 09-C-3633<br>)<br>) Honorable Judge Gary Feinerman |
| **Plaintiffs,** | )<br>)<br>) |
| v. | )<br>) |
| **SECURITAS SECURITY SERVICES USA, INC.,** | )<br>)<br>) |
| **Defendant.** | ) |

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF**
**<u>CLASS SETTLEMENT</u>**

On May 7, 2014, the Court heard a motion for final approval of a settlement of a class action by Named Plaintiffs CRYSTAL HOWARD, JOHN HUEBNER, PAUL GALLOWAY, ROBERT NEWSON and ALVAN YOUNG ("*Howard* Plaintiffs") and STEPHANIE HAWKINS and DARSEMIA JACKSON ("*Hawkins* Plaintiffs") (collectively, "Named Plaintiffs or "Class Representatives"), on behalf of themselves and all members of the Settlement Class ("Class Members"), and Defendant SECURITAS SECURITY SERVICES USA, INC.

("Securitas" or "Defendant") (collectively, the "Parties"). The Court has considered the Joint Motion for Final Approval of Class Settlement and other related materials submitted by the Parties, as well as the Parties' presentation at the hearing on final approval, and otherwise being fully informed in the premises, hereby finds and orders as follows:

1. Unless otherwise defined herein, all terms used in this Order (the "Final Approval Order") will have the same meaning as defined in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367, including jurisdiction over all members of the Settlement Class.

3. The Court finds that the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a) and is maintainable under Rule 23(b)(3) and 29 U.S.C. § 216 for purposes of settlement of this action only. In so finding, the Court does not determine whether the certification of the class would remain proper under the more stringent non-settlement standards that require a showing of, *inter alia*, manageability and that common questions predominate.

4. The Court confirms the appointment of Named Plaintiffs Crystal Howard, John Huebner, Paul Galloway, Robert Newson, and Alvan Young ("*Howard* Plaintiffs") and Stephanie Hawkins and Darsemia Jackson ("*Hawkins* Plaintiffs") as Class Representatives, and the Court confirms the appointment of Stephan Zouras, LLP, Miller Law, LLC, and Law Offices of Thomas M. Ryan, PC, as appointed Class Counsel.

5. The Notice Regarding Proposed Settlement of Class Action ("Class Notice") and related materials (collectively, "Notice Materials"), sent to the Class Members via First Class Mail adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery if the Settlement was approved, their right to request exclusion from the Class and pursue their own remedies, and their opportunity to file written objections and appear

and be heard at the Final Approval Hearing. The Notice Materials also adequately informed the Class Members of the address established by the settlement claims administrator, Kurtzman Carson Consultants, LLC ("KCC") ("Settlement Administrator"), and informed the Class Members of the contact information for Class Counsel. Thus, the Court finds that the Notice Materials provided to the Class satisfied the requirements of Fed. R. Civ. P. 23(e)(1)(B).

6.  The Court finds that the settlement memorialized in the Settlement Agreement and filed with the Court is fair, reasonable and adequate, and in the best interests of the members of the Settlement Class. The Court finds that: (a) the strength of the Named Plaintiffs' and Class Members' claims weighed against Defendant's defenses, and the complexity, length and expense of further litigation support approval of the Settlement; (b) the Maximum Settlement Amount of $1,275,000, as set forth in the Notice Materials, is a fair, reasonable and adequate settlement of Named Plaintiffs' individual claims and the claims of the Class; (c) the Settlement was reached pursuant to arm's-length negotiations between the Parties; (d) the support for the Settlement expressed by Class Counsel and counsel for Defendant, who have significant experience representing parties in complex class actions, including those involving wage and hour claims, weighs in favor of approval of the Settlement; (e) the absence of any objections to the Settlement by Class Members supports approval of the Settlement; and (f) the litigation has progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

7.  Pursuant to the terms of the Settlement Agreement, and in full and final settlement of this matter, Defendant will pay an amount equal to the Settlement Amount into the Qualified Settlement Fund set up, held and controlled by the Settlement Administrator within seven (7) calendar days of entry of this Order.

8. The Court approves and authorizes the Settlement Administrator to make the following payments from the Qualified Settlement Fund pursuant to the terms of the Settlement Agreement:

    a. Class Representative Service Payments, set forth in the Settlement Agreement, to Crystal Howard, John Huebner, Paul Galloway, Robert Newson, Alvan Young, Stephanie Hawkins and Darsemia Jackson.

    b. Attorney's fees and costs of $929,844.10 to Class Counsel. Class Counsel shall pay the Settlement Administrator all Administrative Fees from this amount.

    c. Settlement amounts set forth in the Settlement Agreement to the Settlement Class.

    d. Reasonable costs incurred by the Settlement Administrator as set forth in the Settlement Agreement and to be paid by Class Counsel.

9. The Court orders that any IMWL Class Member who did not timely submit an Election to Opt-Out of Settlement and Class Action Form ("Opt Out Form") is bound by the terms of the Settlement Agreement and is entitled to participate in the monetary portion of the Settlement.

10. The Court finds that ninety (90) individuals identified by the Settlement Administrator have submitted a timely Opt-Out Form and requested exclusion from the Settlement Class. These individuals are excluded from the Class previously certified, are not bound by the terms of the Settlement Agreement, and are not entitled to participate in the monetary portion of the Settlement.

11. The Court finds and orders that the Settlement Class has fully and finally released

all claims and actions as specified in the Settlement Agreement, and members of the Settlement Class are hereby barred from pursuing any such claims and actions in future proceedings.

      12.    Neither this Order, the Settlement Agreement, nor the various settlement proposals exchanged by the Parties are to be construed or deemed as an admission by Defendant of any liability, culpability, negligence or wrongdoing, and the Settlement Agreement, each of its provisions, its execution, and its implementation, including any motions filed or Orders entered, shall not in any respect be construed as, offered, or deemed admissible in any arbitration or legal proceedings for any purpose except in an action or a proceeding to approve, interpret, or enforce the Settlement Agreement.

      13.    This Court grants final approval of the Settlement.

      14.    This matter is dismissed with prejudice, without any cost to any of the parties except as provided in the Settlement Agreement. The Court retains jurisdiction for sixty (60) days after entry of this Order solely for the purpose of implementation and enforcement of the terms of the Settlement.

      15.    The Clerk is directed to enter judgment consistent with this Order and close the file.

IT IS SO ORDERED.

Dated: __May 7_____, 2014

                                        The Honorable Gary Feinerman
United States District Court